# Thomas *v.* Smoot.

### *Assumpsit.*

(Decided June 30, 1911.  56 South. 1.)

1. *Contracts; Action; Defenses.*—A plaintiff may not recover on the contract which he himself has violated.

2. *Same.*—There can be no recovery upon a contract except in pursuance of its terms.

3. *Same; Rescission.*—A plaintiff cannot recover upon a contract which has been rescinded by mutual agreement.

4. *Landlords and Tenants; Use and Occupation; Contract.*—One may recover for the value of the use and occupation of the building if the party sued actually used it although the party suing violated or rescinded an express contract for the use of the building.

. 5. *Charge of Court; Directing Verdict.*—The facts and circumstances of this case stated and held sufficient to authorize the court in directing a verdict for the defendant, notwithstanding no request was made therefor.

Appeal from Limestone Circuit Court.

Heard before Hon. D. W. Speake.

Assumpsit by R. L. Thomas against J. G. Smoot. Judgment for defendant and plaintiff appeals. Affirmed.

M. K. Clements, for appellant.  The court erred in giving the affirmative charge.—*Bates v. Harte,* 124 Ala.· 427; *Bomar v. Rosser,* 123 Ala. 641; *Bufford v. Rainey,* 122 Ala. 565; *Abbott c. Mobile,* 119 Ala. 595; *Cole v. Propst,* 119 Ala. 99.  The court erred under the facts in this case in instructing the jury to find for the defendant.—*Crutcher v. M. & C. R. R. Co.* 38 Ala. 584; *Davison v. State ex rel.* 63 Ala. 432; *Cowan v. Eartherly Hdw. Co.* 95 Ala. 324.

W. R. Walker, for appellee.—"It is always error and not within the discretion of the court to leave a question to the jury in respect to which

there is no evidence."—*Tobler vs. Pioneer Mining and Manufacturing Company,* 52 South. Rep., 86, 98. "The affirmative charge may be given on proper request whenever the court would sustain a demurrer to the evidence."—*Smoot v. M. & M. Ry. Co.,* 67 Ala., 13; *L. & N. R. R. Co., v. Allen's Admr.,* 78 Ala., 494; *Tabler, Crudup & Co., v. Sheffield Land, I. & C. Co.,* 87 Ala., 305; *Tobler v. Pioneer Mining & Manufacturing Co.,* supra. "Under the Statute written charges requested must be given in the terms in which they are asked and cannot be limited or modified or qualified by the court, but the court may explain written charges thus requested."—*Nevill v. The State,* 133 Ala., 99; *Lewis v. The State,* 96 Ala., 6; *Ala. G. So. Ry. Co., v. Moody,* 92 Ala., 279; *Bernard v. The State,* 88 Ala., 8; *Holmes v. The State* 136 Ala., 80. "Where plaintiff fails to make out a case he cannot be prejudiced by instructions given by, nor remarks, of the trial judge."—*Yates v. Huntsville Hoop & Heading Co.,* 39 South. Rep. 647.

DE GRAFFENRIED, J.—The complaint, in each of its counts, predicates the plaintiff's right to recover of the defendant upon the terms of an express contract. The plaintiff's evidence failed to show his right to recover of the defendant upon the terms of an express contract, but did have some tendency to show a right of recovery in an action for the use and occupation by the defendant, during a certain period, of plaintiff's mill. There was some evidence tending to show that defendant rented from plaintiff a mill for a period of eight months; that defendant failed to execute two notes for the rent of the mill, as he agreed to do; and that, long before the period for which the mill was rented had expired, the plaintiff notified the defendant to cease the use of the mill.

No recovery can be had upon a contract, except in pursuance of its terms.

In the present case, if there was a contract, the plaintiff either altered or breached it, or the parties, by mutual agreement, rescinded it. The plaintiff, therefore, could not recover of the defendant in a suit on the contract which he himself had violated, or, by mutual agreement with defendant, had rescinded. His right of action, if he possessed any, was for the value of the use and occupation of his mill by the defendant, if the defendant in fact used and occupied it.—*Worthington v. McGarry*, 149 Ala. 251, 42 South. 988. The above being true, the court properly gave to the jury, at the written request of the defendant, the charge that if they believed the evidence they should find for the defendant.

The jury having retired and having remained out for a period without bringing in a verdict, the judge ordered the jury to return into court, and thereupon the following occurred: The court asked the jury if they had agreed upon a verdict. One of the jurors replied: "We have not." Thereupon the Presiding Judge said. "What is the matter?" to which one of the jurors replied, "We do not understand from the charge what evidence you mean we must believe." Thereupon the Presiding Judge said: "I meant it is your duty, under the charge to find for the defendant." Thereupon the jury retired and returned into court a verdict for the defendant.

In this state the court has no right to direct a verdict when the right of recovery, either of the plaintiff or of the defendant, rests upon the credibility of oral testimony. "When a question of fact is involved, dependent upon oral testimony, the credibility of the evidence must be referred to the jury, and a charge assuming the credibility of the testimony is erroneous, though it is

clear and undisputed."—*Davidson v. State*, 63 Ala. 432.

The above not only is the rule, but it should be the rule. A contrary doctrine would tend to take from the jury its unquestioned and exclusive right, i. e., the right to pass upon the credibility of the witnesses and the weight to be given their testimony. It is possible for a plaintiff, through perjury, to make out his case, under the pleadings, against the defendant, and the defendant may not, in such case be able to offer any testimony to rebut the plaintiff's evidence. In such a case the court under the law, would be guilty of reversible error, if it refused, at the request of the plaintiff, to charge the jury that if they believed the evidence they should find for the plaintiff. But there is no law in Alabama requiring a jury, under such conditions, if they did not believe the evidence, or a material part of it going to the right of the plaintiff to recover, to so find by their verdict. In many instances the law provides that the proof of certain facts by a plaintiff entitles him, prima facie, to recover, and it is possible for a defendant against whom such a prima facie right of recovery is made out to overcome such prima facie right by the evidence of witnesses who, on account of bias, ill will, or interest, perjure themselves, and the plaintiff may be so situated as to be unable to rebut such evidence, and in such a case, under the law, the court might be required to charge the jury that if they believed the evidence they must find for the defendant. No law, however, of this state requires a jury to find a verdict for a defendant under such circumstances.

In cases, however, where, if all the oral testimony is believed, or none of it is believed, or any part of it is believed and the balance is rejected, the plaintiff or defendant is entitled to a verdict, the court may, on proper written request, direct a verdict. Where a part of the

evidence in a case consists of documentary evidence, the genuineness of which is unquestioned, and the rest of the evidence is oral testimony, then, if the case is such that if all or any part of the oral evidence is believed or disbelieved one of the parties to the suit is entited to recover, the court may, upon proper request in writing, direct a verdict in favor of such party.

If all of the evidence in this case was believed, or all of it was disbelieved, or any part of it was believed and the other part disbelieved, the plaintiff was not entitled to recover. The court committed no error in stating, under the circumstances as they appear in the record, to the jury that it was their duty to find a verdict for the defendant.—*Yates v. Huntsville Co.,* 39 South. 647.

There is no error in the record, and the judgment of the court below is affirmed.

Affirmed.