# Jarrell *v.* Birmingham Water Works Co.

*Assumpsit.*

(Decided December 21, 1912. Rehearing denied February 6, 1913. 60 South. 835.)

*Assumpsit; Direction of Verdict.*—Under the facts in this case plaintiff was not entitled to recover whether the jury believed the evidence or did not believe it or whether it believed parts of it and rejected other parts and hence it was proper for the court to direct that plaintiff was not entitled to recover.

APPEAL from Birmingham City Court.

Heard before Hon. WM. M. WALKER.

Assumpsit by J. R. Jarrell against the Birmingham Waterworks Company. Judgment for defendant, and complainant appeals. Affirmed.

The complaint alleges that on the 26th day of January, 1912, defendant entered into an agreement to supply plaintiff with water for his residence, located in the city of Birmingham, between Tuscaloosa and Cotton avenues, from that date until April 1, 1912, and that defendant cut off the water about February 10, 1912, and has since refused to supply it. The evidence for the plaintiff was that on the 26th day of January he went to the office of the Birmingham Waterworks Company, and said he wanted to pay his water rent on a house that was owned by a lady named Dean, said it was the only house in the block, but he did not know the number, and it was about a block, or block and a half, from the Elyton schoolhouse. The contract showed J. R. Jarrell, 117 N. Elyton street, and the water was cut off at No. 1200 Cotton avenue.

BLACK & DAVIS, for appellant. The court was in error in directing a verdict for the defendant.—*Moody*

*v. A. G. S. R. R. Co.,* 26 South. 952; *Robinson v. Crot-well,* 57 South. 23.   The court should have permitted the plaintiff to show knowledge of the existence of a duty on the part of the defendant previous to its breach, the action being for violating the contract or duty.— *B'ham Water Wks. Co. v. Keily,* 56 South. 838; *F. C. & P. R. R. Co. v. Mooney,* 24 South. 148.

LONDON & FITTS, for appellee.   No contract was shown and the court properly directed the verdict for the defendant.—*L. & N. R. R. Co. v. Perkins,* 152 Ala. 133; 9 Cyc. 245, 247 and 248; *King v. Collins,* 101 Ala. 358; *Warren v. Gabriel,* 51 Ala. 236; 9 Cyc. 396; 35 Cyc. 61.   In any event the admitted facts establish a gross fraud from which plaintiff could derive no benefit.—*Broyles v. Central of Ga. Ry. Co.,* 166 Ala. 615.

DE GRAFFENRIED, J.—There were two counts to the complaint, and both counts claimed damages because of an alleged breach by the defendant of an agreement which the plaintiff (appellant here) alleges that the defendant (appellee here) entered into with him on January 26, 1912.   All of the evidence, and all of the reasonable inferences which can in any way be drawn from the evidence, or any part of the evidence, show, conclusively, that the defendant did not, in any way, violate any contract or agreement which it made with the plaintiff on said January 26, 1912.   All of the evidence, and each separate part of it, shows that the plaintiff was not entitled to recover under either count of the complaint, and there was nothing, therefore, in this case for a jury to pass upon.   The trial court, therefore, committed no reversible error in directing a verdice for the defendant.   In cases where, if all the testimony is believed, or none of it is believed, or any part

[Loval v. Wolf.]

of it is believed and the balance is rejected, the defendant is entitled to a verdict, the court may, on proper request, direct a verdict in favor of such defendant.— *Yates v. Huntsville Co.*, 39 South. 647; *Thomas v. Smoot*, 2 Ala. App. 407, 56 South. 1.

There is no error in the record. The judgment of the court below is affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.

