## Skelton *v.* Baker.

*Assumpsit.*

(Decided November 7, 1914.   66 South. 695.)

1. *Charge of Court; Applicability to Evidence.*—Where plaintiff cut hay for defendant with the understanding that plaintiff was to have one-half and defendant the other half, a charge asserting that if defendant received to his own use the six loads of hay (that being all that was cut) the jury should charge him with the same, was erroneous.

2. *Crops; Contract; Modification.*—Where the sons of plaintiff had rented lands of defendant for a portion of the crop to be raised thereon, and the contract was modified by a subsequent agreement that plaintiff's family and his horse should work with the sons the lands rented and other land during the year, the crop to be divided into four equal parts, one-fourth to go to plaintiff, one-fourth to defendant, and one-half to the sons of plaintiff, plaintiff was entitled to recover from defendant the value of one-fourth of the crop, less his indebtedness to defendant for money and supplies advanced.

3. *Same; Failure to Gather.*—Where a cropper left the land before the crop was gathered, by reason of the fault of the landowner, the landowner was not entitled to credit for gathering the parts of the crops thereafter; it is otherwise if the cropper left the crop ungathered without the landowner's fault.

4. *Same; Landlord's Lien; Waiver.*—Where plaintiff claimed that the landlord had waived his lien as to one-fourth of the crop raised on the premises, when the contract was modified, such person had the burden to show such waiver by obvious and plain proof.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by J. A. Baker against R. H. Skelton. Judgment for plaintiff and defendant appeals. Transferred from Court of Appeals. Reversed and remanded.

[Skelton v. Baker.]

Count 3 is as follows: "Plaintiff claims of defendant $98 due him by account between defendant and plaintiff for the year 1910, and for money loaned by defendant during 1910, and an account stated between plaintiff and defendant during said year, and for money on the —— day of ——, 1910, received by defendant for the use of plaintiff, which sums of money with interest thereon are due plaintiff and unpaid."

Defendant pleaded in short, by consent, the general issue and set off.

The following is charge 4 requested by defendant: "Under the evidence the jury should allow defendant the amount due on the note given by plaintiff and his wife and transferred to defendant."

JOHN B. TALLEY, for appellant.

MILO MOODY, and W. H. NORWOOD, for appellee.

DE GRAFFENRIED, J.—This case went to the jury upon count 3, which the reporter will set out, and the pleas of the general issue and set-off.

1. The plaintiff's evidence had some testimony to show that the defendant was indebted to him in the sum of about $100. The plaintiff, however, admitted while testifying as a witness that he owed the defendant the sum of $40, less a credit of $5.90, evidenced by a promissory note which was introduced in evidence. There was not only no dispute in the evidence about this matter of the $40 less the credit of $5.90, but the evidence on the subject was in such condition as that the court, under the evidence as applied to the pleadings, had a right to direct the jury that if they found that the plaintiff was entitled to recover of the defendant an amount greater than the amount due on the

note, then that the amount of the recovery should be reduced by the amount due on the note; that if the plaintiff was, under the evidence, shown to be indebted to the defendant in an amount less than the amount due on the note, then that the amount so found to be due by the plaintiff to the defendant should be credited on the amount due by the defendant to the plaintiff on the note, and a verdict rendered in favor of the defendant against the plaintiff for the excess; and that, if the jury found that the plaintiff owed the defendant nothing, then that they should render a verdict in favor of the defendant against the plaintiff for the amount due on said note, the amount due on the note being of course, the $40 less the credit of $5.90 and interest. —*Yates v. Huntsville Co.*, 39 South. 647; *Jarrell v. Birmingham Water Works Co.*, 179 Ala., 503, 60 South. 835; *Thomas v. Smoot*, 2 Ala. App. 407, 56 South. 1.

The above being true, the trial court committed an error in refusing to give to the jury charge 4 which the defendant in writing requested the court to give to the jury.

2. There was some evidence in the case tending to show that the plaintiff cut some hay for the defendant with the understanding that the plaintiff was to have half of the hay and the defendant the other half. The plaintiff claims that he put all the hay in the defendant's barn. The trial court therefore committed an error when it charged the jury, at the written request of the plaintiff, that "if the defendant received to his use the six loads of hay, you must charge the defendant with the same." In no event, under the evidence, is the plaintiff entitled to recover of the defendant more than one-half of the value of the hay. The charge, however, instructed, under a certain hypothesis, the jury to charge the defendant with the value of all the hay.

[Skelton v. Baker.]

3. All the evidence in this case shows without dis pute that the defendant rented some of his land to J. B. Baker and H. J. Baker, who are brothers and who are sons of the plaintiff. These young men were not married. It is also evident that when this renting took place these young men were living with their father and mother at some point in the neighborhood of the rented lands, that there were other children of the family who were large enough to work, and that, when the renting took place, it was contemplated that the father and mother and the other members of the family would move onto the rented lands in order that these young men would, as the evidence expresses it, have some one to cook for them. When the renting took place it is evident that these young men had no property with which to begin operations on their own account. The defendant appears to have furnished them with a complete outfit, consisting of two mules, a wagon, etc., and he was, of course, dependent upon his lien on the articles advanced to them and the crops raised by them on the rented lands for payment for the mules, wagons, etc., and other advances made to them during the year. It further appears that it was understood when the renting took place, that the defendant was, for the use of his land, to have certain portions of the crop and the young men the balance. It further appears that the plaintiff is not a farmer, but a mechanic, that he has a horse, and that the female members of his family are accustomed to work as farm hands and it may be that in the family there are boys younger than the young men to whom we above refer who are also accustomed to work as farm hands. It further appears that the above-named young men began operations under their rental contract and that the entire family moved onto the defendant's land and took up their res-

idence there. The plaintiff claims that after he moved onto the defendant's lands he desired to rent of the defendant some land for his horse and the members of his family, other than the two young men, to work; that thereupon, by mutual agreement, the original rental contract was changed, and that it was agreed that the plaintiff's family and his horse were to work "through and through" with the young men during the year; that the acreage to be cultivated should be increased and that the crop should be jointly gathered by the young men and the other members of the family, and that it should be divided into four parts, one-fourth to the defendant, one-fourth to the plaintiff, and one-half for the young men. As corroborative of this theory the plaintiff introduced in evidence what he calls a "due bill" to him from the defendant for one-fourth of the crop, but which is, in reality, a receipt to the young men for one-half of the proceeds of certain cotton as a credit on their account with the defendant. The plaintiff's theory is that the crop was raised and the operations on the farm were conducted under a new or modified contract, and not under the original contract which was made with the two young men, and that under this new or modified contract it was the understanding all around, by either an express or an implied agreement, that the defendant's lien for advances to the young men should only apply to their half of the crop so raised.

If the jury should find that the truth is with the plaintiff on this subject, then the plaintiff will be entitled to recover of the defendant the value of one-fourth of the crop less the amount due the defendant on the note above referred to and the $6 which the plaintiff admits that he owes the defendant for fertilizer.

[Skelton v. Baker.]

It appears from the evidence that the plaintiff, together with his family including the two young men, left the farm before all of the crop was gathered. If the jury should find that the plaintiff is entitled to recover, then if the plaintiff and his family left the farm through the fault of the defendant the defendant is not entitled to have credited upon the part of the crop which was gathered after the plaintiff and his family moved away any of the expenses of gathering the crop, and the plaintiff will be entitled to one-fourth of the value of the crop which was gathered after the plaintiff left the premises without being charged with any of the cost of gathering the same. If, however, the contract was as the plaintiff claims it to have been, and the plaintiff or the members of his family, including the two young men, so conducted themselves during gathering time as to indicate that they did not intend to gather the crop, or were indifferent as to whether the crop was gathered or not, then the defendant, for his protection, had a right to gather the crop at the expense of the plaintiff and the two young men, and the expense of gathering the same should be charged against the shares of the plaintiff and the two young men in the crop, the plaintiff's share paying one-third of such expense. The theory of the defendant on the subject is that the farming operations of this family on his farm had been unsuccessful, that the plaintiff and the young men knew that the entire crop when gathered would be absorbed by defendant's lien for advances, and that, therefore, they worked by the day in the fields of other people to the neglect of their own duty to seasonably gather and house the crop which had been raised on his farm, and if this is true then, if the plaintiff is entitled to recover anything, his

recovery must be reduced by his pro rata of the expenses paid by defendant for gathering the crop.

4. The defendant denies that there was any new contract made by him with the plaintiff and his said sons or that the original contract of rental was changed in any way. The burden in this case is on the plaintiff, and, as the practical effect of his claim is that the landlord waived his lien as to one-fourth of the crop raised on the rented premises, he must, to entitle himself to recover, show this waiver by "obvious and plain proof." —*Coleman v. Siler,* 74 Ala. 435.

5. This suit was brought originally before a justice of the peace. An appeal was, from the judgment of the justice of the peace, taken to the circuit court. From the judgment in the circuit court an appeal was taken to the Court of Appeals and, by appropriate methods, the case has now found its way into this court. Out of respect to the protracted litigation between the parties we have undertaken to give full expression to our views as to all matters presented by the record. The rulings of the trial court were not, as above pointed out, in harmony with some of our views, and for that reason the judgment of the trial court is reversed, and the cause is remanded to that court to the end that the parties may have a new trial.

Reversed and remanded.

McCLELLAN, SAYRE and GARDNER, JJ., concur.