168 So. 580

**O'BAR v. SOUTHERN LIFE & HEALTH INS. CO.**

**7 Div. 372.**

Supreme Court of Alabama.

April 9, 1936.

Rehearing Denied May 28, 1936.

O. R. Hood and Roger C. Suttle, both of Gadsden, for appellee.

W. M. Rayburn and David C. Byrd, both of Gadsden, for appellant.

FOSTER, Justice.

This is an action for double indemnity as provided for in a policy of insurance. Defendant admitted liability for single indemnity and filed a plea of tender and brought the amount of it into court. By consent of the parties, a judgment was rendered for plaintiff for the amount so tendered. This would, without more, be an end of the litigation. Hanson v. Todd, 95 Ala. 328, 10 So.

354; Gardner v. Black, 98 Ala. 638, 12 So. 813.

But after the rendition of that judgment by consent, the parties proceeded to try the case on an agreement to plead in short by consent. Such a plea without more is not the equivalent of one which also stated that the parties may prove any matter which could be specially pleaded. Green v. Marlin, 219 Ala. 27, 121 So. 19; Hirschfelder v. Mitchell, 54 Ala. 419. But on the trial the parties and court gave the plea the same effect as if it had contained that stipulation.

The parties may try their cases as though certain issues are made by the pleadings, even though they do not have that effect, and, in doing so, form the issues which we will treat as properly made when they and the trial court so treat them. Many cases are cited to that result in Birmingham Water Works Co. v. Barksdale, 227 Ala. 354, 150 So. 139. But when so treated, there is nothing to justify a motion to strike what is called a plea of res adjudicata.

The court overruled such a motion, though no such special plea was filed. There is by that ruling nothing to review. We could not act upon it without having before us the averments of the plea.

The court likewise very properly declined to rule on demurrers verbally stated to a plea not filed.

The assignments numbered 3, 4, and 5 have relation to statements made by defendant's counsel in his opening remarks to the jury as to the issues.

Insured was killed in an affray, and defendant's counsel made reference to the fact that the party who killed him had been acquitted of a criminal charge on that account. The issue, as we will show, is whether insured brought about his own death. On that issue, the fact that the party who killed him was acquitted of a criminal charge is quite different from evidence that insured had himself been convicted of a charge which, if true, showed a condition not in the coverage. Sov. Camp, W. O. W., v. Gunn, 227 Ala. 400, 150 So. 491; Fidelity-Phenix Fire Ins. Co. v. Murphy, 226 Ala. 226, 146 So. 387.

The beneficiary of the policy, the insured being dead, is so far removed from the trial of the criminal case against his slayer as that the result of his trial can have no bearing on this suit. But the court gave to the defendant the affirmative charge, and if that should have been given considering as true evidence most favorable to plaintiff, the statement of defendant's counsel would not affect that question. There was no evidence, as we read the record, of that trial or its result, although assignment No. 9 refers to page 23 as containing such evidence.

The plaintiff undertook to prove that insured, after he was hurt and before he died, made a dying declaration. There was no reversible error in not permitting this for two reasons, (1) that such declarations are not admissible in a civil action, Nichols v. Smith's Bakery, 218 Ala. 607, 119 So. 638; and (2) it does not appear that they would be material or shed any light on the inquiry, Flowers v. Graves, 220 Ala. 445, 125 So. 659; Morgan Hill Paving Co. v. Pratt City Sav. Bank, 220 Ala. 683, 127 So. 500; Berry v. Dannelly, 226 Ala. 151, 145 So. 663; St. L.-S. F. R. R. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433; Alaga Coach Line v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470.

The proposed evidence by the witness Cachio as to what insured may have said to him when insured came home after the difficulty in which he was cut which caused his death, occurred after it was all over, not at the place of the difficulty, and was a narrative of what had occurred. It was not a part of the res gestæ, and not admissible on any principal of law. Birmingham & A. Rwy. Co. v. Campbell, 203 Ala. 296, 82 So. 546.

The affirmative charge was given for defendant on the theory that the death of insured was not caused "solely through external violent and accidental means," which is the condition on which double indemnity became payable under the policy, and the only question then being tried was whether the right to such double indemnity existed, and, as applied to the facts of this case, that depended upon whether insured is chargeable with voluntarily having produced his death, although it was done as the direct result of the voluntary act of another. All the evidence was introduced by plaintiff, and was without conflict. It was that insured made a deadly attack on one Magwood at the latter's home, without provocation, when he shot at Magwood with a pistol, and when it failed to fire again he beat him with it, knocking him down and kicking and beating him in a most savage and ferocious manner, threatening to kill

him, while Magwood was pleading with him not to do it, and finally while insured was down on him, Magwood, who had only one arm, pulled his knife, opened it, and cut insured in the chest, from which wound he died later.

■ The rule is that when insured is the aggressor, especially with a deadly weapon, and makes such an attack on another as would naturally invite a deadly encounter in resistance of his attack, and as the probable consequence of it, and he is killed by the other while so resisting him, it cannot be regarded as an accidental death, since he voluntarily put his life at stake and deliberately took the chances of getting killed. Taliaferro v. Travelers' Protective Ass'n (C.C.A.) 80 F. 368; Carroll v. Fidelity, etc., Co. (C.C.) 137 F. 1012; Fidelity & Casualty Co. v. Stacey's Ex'rs (C.C.A.) 143 F. 271, 5 L.R.A.(N.S.) 657, 6 Ann.Cas. 955; Clay v. State Ins. Co., 174 N.C. 642, 94 S.E. 289, L.R.A.1918B, 508; Gaines v. Fidelity, etc., Co., 111 App.Div. 386, 97 N.Y.S. 836; Metropolitan Casualty Co. v. Chambers, 136 Ark. 84, 206 S.W. 64; 14 R.C.L. 1260, § 437; 1 Corpus Juris 431.

In some cases it appears that insured had knowledge that his opponent was armed with a deadly weapon when he began the attack, and their statement of the rule is upon that hypothesis. Prudential Casualty Co. v. Curry, 10 Ala.App. 642, 65 So. 852; Lovelace v. Travelers' Protective Ass'n, 126 Mo. 104, 28 S.W. 877, 30 L.R.A. 209, 47 Am.St.Rep. 638; Union Casualty & Surety Co. v. Harroll, 98 Tenn. 591, 40 S.W. 1080, 60 Am.St.Rep. 873.

But other cases hold that such knowledge is not necessary for him to be chargeable as for voluntarily bringing on his death, if his conduct toward his slayer was such as to invite resistance to the death. Meister v. General Accident Corp., 92 Or. 96, 179 P. 913, 4 A.L.R. 718; Clay v. State Ins. Co., supra.

■ To constitute an accidental death, it must have resulted from something unforeseen, unexpected, and unusual. Carroll v. Fidelity, etc., Co., supra, or "which happens as by chance, or which does not take place according to the usual course of things," or "without foresight or expectation" or "by reason of some violence, casualty, or vis major to the assured, without his design or consent or voluntary co-operation." Equitable Accident Ins. Co. v.

Osborn, 90 Ala. 201, 206, 9 So. 869, 870, 13 L.R.A. 267.

We agree with the trial court that the only interpretation of this evidence is that insured brought about a condition from which his death was not to be unforeseen or unexpected nor an unusual result of it. He put his life at stake heedless of the consequences which should have been anticipated. The affirmative charge was properly given for defendant.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

## On Rehearing.

FOSTER, Justice.

■ After the evidence was all introduced, the court verbally charged the jury with hypothesis to find for defendant, and then added, the form 'of your verdict will be, "We the jury find the issues in favor of the defendant." This should be treated as directing a verdict for defendant. Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 100 So. 812.

The record also shows that the court gave a charge at the request of defendant, with hypothesis, to find for defendant, and marked it given. Objection is now made, not argued on the original submission, that there was error in this oral charge (1) because it violated section 9507, Code, as a charge on the effect of the testimony, and (2) because it was mandatory in effect, and not on hypothesis. Not now considering the sufficiency of the argument of the question on original submission to justify its consideration on rehearing, nor other matters urged by appellee, we will answer the contentions on their merits.

■ If it was error to charge orally on the effect of the evidence without a written request under section 9507, Code, the same instruction given in writing cured that error. Gulf City Shingle Mfg. Co. v. Boyles, 129 Ala. 192, 29 So. 800; Gambill v. Cargo, 151 Ala. 421, 43 So. 866; Tobler v. Pioneer M. & M. Co., 166 Ala. 482 (11), 52 So. 86.

■ And it is also well settled that where by the undisputed evidence plaintiff has not shown that he is entitled to recover on his complaint, the court may direct a verdict for defendant, and it is immaterial whether the jury believe the

evidence or not. In either event plaintiff has not proven his complaint. Christian v. Stith Coal Co., 189 Ala. 500, 66 So. 641; Bledsole v. Davis, 189 Ala. 325, 66 So. 491; Tobler v. Pioneer M. & M. Co., 166 Ala. 482 (12), 52 So. 86; Sims v. Sims, 2 Ala. 117 (3); Harris v. State, 215 Ala. 56, 57 (7), 109 So. 291; Jarrell v. Birmingham Water Works Co., 179 Ala. 503, 60 So. 835; 27 Alabama and Southern Dig., Trial, ☞168, 169.

When plaintiff fails to make out his case, there is no prejudicial error in directing a verdict for defendant without written request. Dorough v. Ala. Great So. R. Co., 221 Ala. 305, 128 So. 602; Louisville & N. R. Co. v. Jenkins, 196 Ala. 136, 72 So. 68.

The burden was on plaintiff to prove that insured died from an injury sustained solely through external, violent, and accidental means, as was alleged in the complaint. The only evidence in the case was introduced by plaintiff, and from it, as we pointed out, the jury was not authorized to find that his death was so caused. Plaintiff, therefore, could not properly recover, and he sustained no injury by the direction of a verdict for defendant, in whatsoever manner it may have been requested and given.

Rehearing denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.