**Inez Smith Graves ADAMS, Plaintiff,**

v.

**STATE FARM LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 5450-69.**

United States District Court,
S. D. Alabama, S. D.

March 11, 1971.

Jere Austill, Jr., Mobile, Ala., for plaintiff.

Richard W. Vollmer, Jr., and James D. Brooks, Mobile, Ala., for defendant.

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

PITTMAN, District Judge.

On April 1, 1969, plaintiff filed a bill of complaint in the Circuit Court of Mobile County, Alabama. The defendant removed to the United States District Court for the Southern District of Alabama on April 25, 1969. Jurisdiction is founded upon diversity of citizenship.

The complaint contains two counts. Each count is based upon the double indemnity provision contained in two separate policies of life insurance. Both policies were in effect at the time of insured's death.

For background, the following are the facts of the case: Plaintiff, a former wife of John Andrew Crawford, the insured, was the original beneficiary of the policies in question. From the time of their divorce, and during the three months that insured was married to Clara Jean Mathews, the latter was designated as beneficiary. However, marital difficulties arose between the insured and Clara Jean Mathews resulting in plaintiff's being redesignated as beneficiary. This final change in beneficiary occurred on the day the insured was killed, March 10, 1967.

On March 10, 1967, the insured departed from his usual peaceful conduct and aimed a shotgun at Clara Jean Mathews as she knelt on their bedroom floor, at point-blank range, pleading for her life. Mrs. Mathews' mother, Mrs. Mary Frances Geyer, appeared at the bedroom door armed with a pistol, and called to the insured, John Andrew

Crawford. Crawford turned and pointed his weapon at Mrs. Geyer. In an effort to protect her mother, Mrs. Mathews pushed the rifle barrel upward, spoiling Crawford's aim. Mrs. Geyer fired three shots, wounding Mrs. Mathews and killing the insured.

In a diversity case the court is guided by the law of Alabama, and, more particularly under these facts, by O'Bar v. Southern Life and Health Ins. Co., 232 Ala. 459, 168 So. 580 (1936), wherein the Alabama Supreme Court sets out the test for accidental death as resulting "unforeseen, unexpected and unusual." The court went on to hold that that insured, who pistol whipped a one-armed man, knocked him to the ground and fell upon him to continue the beating, did not die accidentally when his victim pulled a knife and stabbed him to death. The court has found no Alabama case and counsel have cited none that militate against the rationale of O'Bar.

As is often the case with rules, the rule on the accidental nature of an injury to the insured arising out of his assault upon another is fraught with quirks and exceptions. As plaintiff's counsel ably argues, many of the recent cases have adopted the test of actual foreseeability, a question of fact. However, this lenient rule is more appropriate when applied to injuries incurred in milder forms of assault, as in a fist fight where the level of violence may be suddenly and drastically escalated to the genuine surprise of the assailant-insured. Cf. Aetna Life Insurance Co. v. Beasley, 272 Ala. 153, 130 So.2d 178 (1961). Courts have long recognized the legitimate use of such retalitory force as may be reasonably necessary in defending oneself against an attack. Thus, where the insured commits an assault while armed he must expect a more violent retaliation. Under these circumstances the court cannot hold death to be "unforeseen, unexpected or unusual." For the insured cannot be charged merely with knowledge of his intended victim's apparent capacity to resist, but

that resistance in which the person attacked is justified.

In accordance with the foregoing it is hereby ordered, adjudged and decreed that defendant's motion for summary judgment be, and the same hereby is, granted. Costs are taxed against the plaintiff.