cumstances nothing remains to be done in this case but to enter our order quashing our writ of habeas corpus and to award custody of Kirk Edward Gorham to Clarence E. Newcomer and Edna Newcomer, his wife.

It is so ordered.

WOLFE, J., concurs.

DOWD, J., not a member of the court when this matter was submitted.

### In the Matter of Kirk Edward GORHAM, a minor.

### Lydia Joan LANDOLT, Petitioner,

### v.

### Clarence E. NEWCOMER and Edna Newcomer, his wife, Respondents.

### No. 33256.

St. Louis Court of Appeals, Missouri.

June 15, 1971.

Marvin L. Dinger, Ironton, for petitioner.

Roberts & Roberts, Clinton B. Roberts, Farmington, for respondents.

BRADY, Presiding Judge.

We transferred this habeas corpus proceeding to the juvenile court of Washington County as provided by § 211.051, V.A.M.S.

The findings of fact and conclusions of law determining the matter have been filed with us. Notice and provisions for the filing of exceptions to that report, if any, have been given. No exceptions have been filed and the parties have in fact stipulated their agreement with the same. Under such cir-

### Christine I. WINSTON and Vivian Ward, Guardian of the Estate of Frederick Clifford Jones, a Minor, Plaintiffs-Appellants,

### v.

### GENERAL AMERICAN LIFE INSURANCE COMPANY, a Corporation, Defendant-Respondent.

### No. 33781.

St. Louis Court of Appeals, Missouri.

June 15, 1971.

Rosenberg, Weiss, Goffstein & Kraus, St. Louis, for plaintiffs-appellants.

Murphy & Kortenhof, St. Louis, for defendant-respondent.

DOERNER, Commissioner.

May an insured be said to have died as the result of accidental injuries when he voluntarily and intentionally initiates an argument with another person; starts to climb over a desk separating the two with the obvious purpose and intent of assaulting the other person; sees the other person draw a revolver from his pocket and is told by him, "* * * 'You better hold it right there' * * *"; nevertheless continues to climb over the desk and grabs the other person by the throat and shirt; is again told by the other person, "* * *

'You better hold it or I'm going to shoot you.' * * *" and replies "* * * 'You big bastard, you haven't got the guts to shoot anybody' * * *"; and grabs the hand of the other person holding the gun and shoves it back, which causes the gun to be discharged and the insured to be fatally wounded? We think not, and affirm the judgment for the insurer in this court-tried case.

In the instant case, the defendant insurer voluntarily paid to the minor plaintiff, the assignee of the beneficiary, Christine I. Winston, the face amount, $5,000, of a certificate issued to Eugene Clifford Jones under a group life insurance policy. However, it refused to pay a like amount under the double indemnity provision for death from accidental injuries and this suit followed.

To sustain their case plaintiffs introduced only the certificate of the insured's death, and relied upon the presumption of accidental death from the mere proof of the insured's violent end, as stated therein. The death certificate states that the insured died as the result of:

"Gunshot wound of right lung with right hemothorax, suffered when shot with gun in hands of one Chester Van Winkler (sic), at Hicks oil service station, Buchanan & Schwartz, Edwardsville, Illinois on October 26th, 1966, at approximately 1:30 A.M."

The death certificate further shows that an "Open Verdict" was returned.

Defendant's evidence was in the form of the deposition of Van Winkel, containing his testimony regarding the insured's acts and conduct, heretofore outlined, which led to his death. We note that Van Winkel also testified that the bullet which hit Jones first passed through Van Winkel's shirt and creased his own stomach.

Each of the parties has cited and relies on one of the rules applicable to a case of

this nature laid down in Podesta v. Metropolitan Life Insurance Co., Mo.App., 150 S.W.2d 596. There Commissioner Bennick, subsequently a Judge of this court, with his customary clarity, said (pp. 598, 599):

"If an insured who is unarmed merely engages another in what is commonly referred to as a fight unaccompanied by any words or actions calculated to lead his adversary to believe that his life is being put in danger, the circumstances of such a situation would not usually indicate that a homicide was likely to follow, and if a homicide does result, it is unforeseen, unexpected, and out of the ordinary, and therefore not a natural and probable consequence of the character of the insured's aggression. In such a case, the insured, having been the aggressor, would of course have voluntarily assumed the ordinary risks of the fight which he provoked, but unless there were special facts and circumstances charging him with reasonable apprehension of great bodily harm and danger to himself from the degree of resistance he might expect to meet, he could not be said to have voluntarily assumed the risk of death, since such an eventuality would not have been a logical or natural result of the species of combat he had invited. Lovelace v. Travelers' Protective Ass'n, 126 Mo. 104, 28 S.W. 877, 30 L.R.A. 209, 47 Am.St.Rep. 638; Eicks v. Fidelity & Casualty Co., supra [300 Mo. 279, 253 S.W. 1029]. But on the other hand, if an insured commits an assault upon another person with a deadly weapon so that the affray takes on the aspect of a deadly encounter from its inception, he invites resistance commensurate with the character of his assault; death at the hands of the person assaulted is at least a possibility which ought to be foreseen; and when it occurs under such circumstances, it is not usually to be treated as accidental, but rather as the natural and probable consequence of the insured's own act in putting his life at stake and voluntarily taking the chance of being killed. O'Bar v. Southern Life & Health Insurance Co., 232 Ala. 459, 168 So. 580; Clay v. State Insurance Co., 174 N.C. 642, 94 S.E. 289, L.R.A.1918B, 508; Meister v. General Accident, Fire & Assurance Corp., 92 Or. 96, 179 P. 913, 4 A.L.R. 718."

In the instant case the insured not only initiated an argument and started to climb over the desk for the purpose of perpetrating an assault upon Van Winkel, but when warned to desist and confronted with a gun plainly visible in the hand of Van Winkel he continued to advance over the desk and seized Van Winkel. And when warned that he would be shot he contemptuously and profanely dismissed that warning and attempted to wrest the weapon away from Van Winkel. In the light of the principles stated in Podesta, supra, we have no hesitancy in concluding that an aggressor who is fatally shot under the circumstances here shown voluntarily assumes the risk of being killed and cannot be said to have died as the result of accidental injuries.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment affirmed.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.