This is a contract case. Appellant Watts Construction Company submitted the low bid on a County Water Works Improvement Project and was awarded the contract in May of 1976. In July, Robert L. Harbison, chairman of the Cullman County Commission, executed a construction contract for the project, separate copies of which had earlier been executed by Watts. Item V, Section II, of the contract provides that "[t]his contract shall not be effective unless and until approved by the State Director of the Farmers Home Administration, U.S. Department of Agriculture or his delegated representative." FHA approval for the project was not obtained. However, when a portion of the project which was being funded by the city, rather than the county, was deleted during the summer, the change order was signed by a representative of the State Director of the FHA.
Construction on the project was delayed until the fall, allegedly due to the lowering of the county's debt limit. In September, construction still had not been authorized, and Watts requested a 5% increase in the contract price due to seasonal and inflational price increases. The county countered with an offer of 3.5%. By a letter dated September 21, 1976 (set out in its entirety in the margin)[1], Watts notified the commission that he could not accept less than a 5% increase, and concluded: "If this is not agreeable with you, please consider this letter a withdrawal of our bid." This letter was discussed at a meeting of the county commission on September 24, 1976, where it was agreed that the county could not pay a 5% increase. Negotiations were begun with the next lowest bidder to take the project on at the low bid price. On October 4, 1976, the commission re-awarded the contract to Tucker Brothers Construction Company at the low bid made by Watts. Watts alleges that the award to Tucker Brothers included project specification changes which reduced the cost of the project and which were not offered to Watts. He was notified by letter dated October 14, 1976, that his withdrawal of the bid had been accepted by by the commission. On October 19, 1976, Watts informed the commission that he was willing to perform the contract at bid price with certain modifications in specifications. His offer was not accepted.
Watts then brought this action to recover damages for breach of contract, or in the alternative, for tortious interference with or rescission of a contract. The county answered, then moved for summary judgment, contending, in essence, that (a) either no contract existed between the parties because of failure of a condition precedent, the approval by the FHA, or (b) if a contract was found to exist, Watts had abandoned or anticipatorily breached it, or that the contract was mutually rescinded. The trial court granted the county's motion for summary judgment, and this appeal followed. For the reasons discussed herein, we affirm. *Page 522 
In reviewing a summary judgment, we must determine whether there exists any genuine issue of material fact and, if not, whether the substantive law was correctly applied to undisputed facts. Long v. Bankers Life, 294 Ala. 67, 311 So.2d 328 (1975). The record in this case reveals no issue of fact; the sequence of events detailed above is not disputed by either party, only the legal effect of those events.
We find it unnecessary to discuss the issue of whether FHA approval was a condition precedent to creation of a valid contract. Watts's letter of September 21 withdrawing his bid and the commission's letter of October 14 accepting that withdrawal effectively rescinded any contract that might have existed. Parties to a written contract may by mutual consent and without other consideration rescind the contract. Watson v.McGee, 348 So.2d 461 (Ala. 1977). Where the acts and conduct of one party inconsistent with the existence of a contract are acquiesced in by the other, such contract will be treated as abandoned or rescinded. San-Ann Service, Inc. v. Bedingfield,293 Ala. 469, 305 So.2d 374 (1974). Watts's demand for an increase in the contract price demonstrated his intention not to be bound by the original contract. The commission acquiesced in his desire not to be so bound, and the contract was rescinded. Once a party to a contract has repudiated or broken it, he cannot reinstate the contract by an offer to perform.Mutual Loan Soc. v. Stowe, 15 Ala. App. 293, 73 So. 202 (1916). Where the parties have by mutual agreement rescinded a contract, one of the parties thereto cannot recover damages in an action for breach of contract. Thomas v. Smoot, 2 Ala. App. 407,56 So. 1 (1911). Where parties agree to rescind the contract, each gives up the provisions for its benefit, and the parties are then competent to contract with others. Shriner v.Craft, 166 Ala. 146, 51 So. 884 (1909).
Watts's claim for damages for tortious rescission of a contract is also without merit. Even should such a cause of action be recognized under Alabama law, it was Watts who repudiated the contract in the first place, not the county, which merely acquiesced.
The judgment appealed from is affirmed.
AFFIRMED.
MADDOX, JONES, EMBRY and BEATTY, JJ., concur.
[1] "September 21, 1976
"Cullman County Commission Cullman, Alabama
"Re: Contract for Water Works Improvements Project `A' B, S, T (Phase II)
"Gentlemen:
"We submitted a low bid in the amount of $942,264.00 for the above project on April 30, 1976. Almost five months have elapsed since the bid opening and a contract has not been executed by you as of this date, for us to proceed with construction. Regretably [sic], we cannot accept this contract without an increase in our bid to offset the price increases we will incur and the seasonal difference for the beginning of construction.
"We have determined that a 5% increase of bid in the amount of $47,113.20 to be the minimum increase we can accept.
"If this meets your approval and we receive a work order in the next 15 days, we shall accept the contract.
"If this is not agreeable with you, please consider this letter a withdrawal of our bid.
"We appreciate your immediate consideration of our request.
"Very truly yours,
"WATTS CONSTRUCTION COMPANY
"James E. Watts
"Partner
"JEW/ls"