STATE OF MAINE *vs.* WARREN M. MUNSEY.

Lincoln.    Opinion February 4, 1916.

*Complaint and warrant.    Complaint and warrant following the wording of the Statute.    Demurrer.    Exceptions.*

Demurrer to complaint and warrant issued under provisions of R. S., Chap. 41, Sec. 23.

*Held:*

1. Every fact or circumstance which is a necessary ingredient in a prima facie case of guilt must be set out in the complaint or indictment.

2. In complaints or indictments charging violation of a statutory offense, it is sufficient to charge the offense in the language of the statute without further description, providing the language of the statute fully sets out the facts which constitute the offense.

3. The complaint or indictment is sufficient if it should state all the elements necessary to constitute the offense either in the words of the statute or in language which is its substantial equivalent.

4. The complaint or indictment is sufficient if it follows the statute so closely that the offense charged and the statute under which the indictment is found may be clearly identified.

5. But in every charge of a statutory offense the respondent still has the right to insist that the complaint or indictment, whether in the language of the statute, or otherwise, shall state the facts alleged to constitute the crime, with that reasonable degree of fullness, certainty and precision requisite to enable him to meet the exact charge against him, and to plead any judgment, which may be rendered upon it, in bar of a subsequent prosecution for the same offense.

6. In ruling upon a demurrer to a complaint or indictment charging a statutory offense, the court will carefully examine the statute under which the charge is made, with a view of ascertaining the intention of the Legislature and the evil which that body desired to correct; also to ascertain whether the Legislature expressed itself in language sufficiently full, certain and precise, so that a person of average intelligence, who may be subject to the inhibition pronounced by the statute, may understand and obey.

If, when tested by the court, both examinations result affirmatively, and the complaint or warrant follows the language of such a statute, the complaint or indictment should not be held defective upon captious or hypercritical grounds.

The complaint in the case at bar follows the statute with sufficient accuracy, and the statute is sufficient in its expression, to require us to overrule the demurrer.

Complaint and warrant issued under Revised Statutes, Chapter 41, Section 23. Respondent filled demurrer. The presiding Justice overruled demurrer. Complaint adjudged good. Respondent files exceptions to Law Court. Exceptions overruled. Judgment for State.

Case stated in opinion.

*James B. Perkins,* county attorney, for State.

*W. M. Hilton,* for respondent.

SITTING: SAVAGE, C. J., CORNISH, KING, HANSON, PHILBROOK, JJ.

PHILBROOK, J. This case arises from an alleged violation of one of the provisions of R. S., c. 41, sec. 23, relating to carving or branding the owner's name upon cars in which lobsters are kept, and buoys attached to traps used for catching lobsters. That part of the section alleged to be violated reads thus: "All traps, nets or other devices for the catching of lobsters, shall have, while in the water, the owner's name carved or branded in like manner (i. e. in letters no less than three-fourths of an inch in length where it might be plainly seen) on all the buoys attached to said traps or other devices, under a penalty of . . . Five Dollars for each trap or device not so marked."

The complaint, omitting formal parts, charges that "Warren M. Munsey of Bristol in the county of Lincoln at Bristol in said county of Lincoln, on the 22nd day of August, in the year one thousand nine hundred fifteen, was the owner of thirteen traps used for the catching of lobsters, which said traps while in the water did not then and there have his the said Munsey's name carved or branded on all the buoys attached to said traps, where it could be plainly seen, in letters no less than three-fourths of an inch in length."

The respondent filed a general demurrer which was overruled and the case is before us upon exceptions to that ruling.

The charge against the respondent is of conduct not criminal at common law but made so by statute. It is an elementary rule of criminal pleading that every fact or circumstance which is a necessary ingredient in a prima facie case of guilt must be set out in the complaint or indictment. It has been also frequently declared that in complaints or indictments charging violation of a statutory offense it is sufficient to charge the offense in the language of the statute without further description, providing the language of the statute fully sets out the facts which constitute the offense. Again it has been held that the complaint or indictment is sufficient if it should state all the elements necessary to constitute the offense either in the words of the statute or in language which is its substantial equivalent. It has also been held that the indictment or complaint is sufficient if it follows the statute so closely that the offense charged and the statute under which the indictment is found may be clearly identified. But even where a charge of a statutory offense is made the respondent still has the right to insist that the indictment, whether in the language of the statute or otherwise, shall state the facts, alleged to constitute the crime, with that reasonable degree of fullness, certainty and precision requisite to enable him to meet the exact charge against him, and to plead any judgment, which may be rendered upon it, in bar of a subsequent prosecution for the same offense. *State* v. *Snowman,* 94 Maine, 99; *State* v. *Lynch,* 88 Maine, 195; *State* v. *Bushey,* 96 Maine, 151; *State* v. *Doran,* 99 Maine, 329.

From the foregoing rules, well supported by authorities, it is safe to say that in deciding upon a demurrer to a complaint or warrant charging a statutory offense, it is the first duty of the court to carefully examine the statute under which the complaint or indictment is drawn, with a view of ascertaining the intention of the Legislature and the evil which that body desired to correct. The next consideration is whether the Legislature expressed its intention in language sufficiently full, certain, and precise, so that the person of average intelligence who may be subject to the inhibition pronounced by the statute may understand and obey. If, when tested by the court, both examinations result affirmatively, and the complaint or warrant follows the language of such a statute, it should not be held defective upon captious or hypercritical grounds.

The expressed will of the Legislature should be a chart to guide and not a chess board upon which the more skillful player may check-mate his unwary opponent.

The complaint in the case at bar follows the language of the statute with sufficient accuracy and the statute is sufficient in its expression, to require us to rule against the demurrer upon prin-ciples herein set forth.

The respondent says in his brief that permission of the court was granted to plead over if the demurrer was overruled upon final judgment, but the record does not so disclose, consequently judg-ment goes automatically for the State. *State* v. *Cole,* 112 Maine, 56.

*Exceptions overruled.*

*Judgment for the State.*