STATE *vs.* FRANK VASHON.

Kennebec.    Opinion February 8, 1924.

*Where the possible maximum punishment provided for a criminal offense is imprison-*
*ment for one year, even though a less sentence is actually given, the crime is a*
*felony.    Under constitutional provisions a respondent cannot be*
*held on such a charge except on presentment or indict-*
*ment by a grand jury.*

*State* v. *Cram*, 84 Maine, 271, in part overruled.

The offense of operating an automobile on a public highway when the driver is
.under the influence of intoxicating liquor, Chap. 211, Sec. 74, Public Laws,
1921, is made a felony by the Legislature, and municipal, police, and trial
justice courts, cannot constitutionally be given jurisdiction over the offense
except to hold the offender under bond to await the action of the Grand Jury.

On exceptions.    The respondent was found guilty in the Waterville
Municipal Court upon a complaint and warrant alleging the operating
of a motor vehicle upon the public highway while under the influence
of intoxicating liquor.    Counsel for the respondent filed a motion in
arrest of judgment which was overruled by the presiding Justice and
respondent's counsel took exceptions.    Exceptions sustained.

The case is fully stated in the opinion.

*Walter M. Sanborn, County Attorney*, for the State.

*James L. Boyle and Benedict F. Maher*, for respondent.

SITTING:  CORNISH, C. J., HANSON, PHILBROOK, DUNN, WILSON,
DEASY, JJ.

PHILBROOK, J.    This case originated by complaint addressed to
and warrant issued from a municipal court charging the respondent
with the offense of operating an automobile on a public highway while
under the influence of intoxicating liquor, in violation of the provisions
of Chap. 211, Sec. 74, Public Laws 1921.    After hearing the respond-
ent was adjudged guilty.    The sentence imposed by the magistrate
is not disclosed by the record but the respondent appealed to the
Superior Court wherein he went to trial before a jury and was found

guilty.   Before sentence he filed a motion in arrest of judgment upon the grounds that the offense with which he had been charged is not one which could be properly set forth in a complaint, and an answer thereto required, and the same was not sufficient in law for any judgment to be rendered thereon, because, as he says, the offense charged is an infamous crime, wherein the punishment is one liable to be in the State Prison, and, as he says, the offense should have been charged in an indictment in accordance with the Statutes of this State, and in accordance with Article I., Section 7, of the Constitution of this State which provides that "No person shall be held to answer for a capital or infamous crime, unless on a presentment or indictment of a grand jury," with certain exceptions not herewith applicable.

The punishment prescribed for the offense under consideration is "by a fine of not less than one hundred dollars nor more than one thousand dollars, or by imprisonment for not less than thirty days nor more than one year, or by both fine and imprisonment."

The various claims made by the respondent may be thus stated:

1.   The offense under consideration is liable to a punishment by imprisonment for one year.

2.   Imprisonment for one year must be inflicted in the State Prison.

3.   Such punishment makes the offense a felony.

4.   A statutory felony is an infamous crime.

5.   Hence the constitutional provision, above referred to, inhibits holding the respondent on this charge except on presentment or indictment of a grand jury.

Although we have endeavored to state the claims of the respondent in a logical order, yet it may not be convenient, nor even possible when discussing them in that order, to avoid anticipation of later claims while examining earlier ones.

### 1.   LIABILITY TO IMPRISONMENT FOR ONE YEAR.

As we have already seen, the maximum punishment of the offense in the instant case, so far as imprisonment is concerned, is, "nor more than one year."   The first claim of the respondent is, therefore, that punishment for the offense with which he is charged may possibly be by imprisonment for one year.   In other words, he says that the expression "nor more than one year" means that the maximum possible imprisonment is a period of one full year, and,

under what is known as the "possibility of punishment" rule, that a sentence of one full year might be imposed upon him. With this claim we agree. "Nor more than one year" is equivalent to "not more than one year," and "not more," according to lexicographers and common usage means no additional or greater amount. To the limit of a full year, however, punishment in this case may go.

**2. IMPRISONMENT FOR ONE YEAR MUST BE INFLICTED IN THE STATE PRISON.**

R. S., Chap. 137, Sec. 3, provides that "unless otherwise specially provided, all imprisonments for one year or more shall be in the state prison; and all for a less term, in the county jail or house of correction." Section four of the same chapter relating to imprisonment in a work-jail for more than one year, in certain cases, has no application to the instant case and therefore needs no discussion. The statutory provision is plain and this claim of the respondent must be sustained.

**3. SUCH PUNISHMENT MAKES THE CRIME A FELONY.**

The essential distinction between felony and misdemeanor in England disappeared when the Felony Act of 1870 was adopted. In this country the crime may be defined as "any offense which by statute or common law is punishable with death, or to which the old English law attached the total forfeiture of lands or goods, or both, or which a statute expressly declares to be such." 1 Bishop on Crim. Law, Section 615. In this State we have instances where the statute has expressly declared an offense to be a felony, for example, R. S., Chap. 120, Sec. 38, where desertion of wife or children in destitute circumstances, by the husband or father, is declared to be a felony. But we also have the broader definition in R. S., Chap. 133, Sec. 11, "The term 'felony' includes every offense punishable by imprisonment in the state prison." These legislative enactments have been recognized, adopted and adhered to by this court. *State* v. *Smith*, 32 Maine, 369; *State* v. *Mayberry*, 48 Maine, 218, wherein the court says regarding an offense which prescribed punishment for "not more than three years," that crimes punishable in the State Prison are such as are liable, by statute, to be thus punished,

and not such only as must be thus punished; *State* v. *Goddard*, 69 Maine, 181; *State* v. *Doran*, 99 Maine, 329; *Butler* v. *Wentworth*, 84 Maine, 25; *State* v. *Arris*, 121 Maine, 94. This third claim must be sustained also, as being in harmony with the statutes of this State and the decision of this court.

### 4. A STATUTORY FELONY IS AN INFAMOUS CRIME.

Under the earlier decisions, both in England and this country, the courts inclined to the doctrine that it is the nature of the crime, and not the punishment, which renders it infamous, but on March 30, 1885, in *Ex parte Wilson*, 114 U. S., 417, speaking for the court, Mr. Justice Gray said at the close of a long and learned discussion, historical and legal, that a crime punishable by imprisonment for a term of years at hard labor is an infamous crime within the meaning of the Fifth Amendment of the Federal Constitution. This express disapproval of the early doctrine, just referred to, has gradually been adopted by the State courts in this country in a line of decisions too long to find place within the limits of this opinion. It is sufficient to say that it has been adopted by our own court when called upon to say what is an infamous crime under our own constitutional bill of rights. *Butler* v. *Wentworth*, supra. In that case the court further said "The purport of all the decisions from the highest court in this country since *Ex parte Wilson*, supra, is that a crime punishable by imprisonment in the state prison or penetentiary, whether the accused is or is not sentenced to hard labor, is an infamous crime; and, in determining this, the question is, whether it is one for which the statute authorizes the court to award an infamous punishment, and not whether the punishment actually imposed is an infamous one." We must hold that it is not a question whether the court, in its discretion, awards a punishment that is infamous or not, but whether the statute authorizes the infliction of such infamous punishment, that is the criterion by which we determine whether an offense is an infamous crime or otherwise. *Butler* v. *Wentworth*, supra.

It is urged by the State's counsel that *Butler* v. *Wentworth*, decided November 10, 1891, and *State* v. *Cram*, 84 Maine, 271, decided less than three months later, both opinions appearing in the same volume of our Maine Reports, are not in harmony and that the reasoning and result in the latter case should here prevail. If, upon full

examination, *State* v. *Cram* appears to negative the conclusion in *Butler* v. *Wentworth*, then the latter, being in harmony with the great weight of authority, must prevail and so much in *State* v. *Cram* as is not in harmony with that weight of authority must be overruled.

In *State* v. *Cram*, the respondent was tried, found guilty, and sentenced, by a municipal court judge, on a complaint charging assault and battery. The case went to the Superior Court by appeal. The real contention of the respondent was that the Constitution of the State forbade infliction of punishment of an offender by imprisonment for more than thirty days by a municipal court magistrate. Under the general contention the defense claimed 1, that irrespective of forms of allegation, or inferences deducible therefrom, municipal courts were of the same grade as trial justices, or as justices of the peace were at the same time when our constitution was adopted; 2, that they cannot exercise a greater criminal jurisdiction than that exercisable by justices of the peace when the State Constitution was adopted; 3, that such jurisdiction, at that date, did not empower justices of the peace to impose punishment in jail for a longer period than thirty days; 4, that such limitation of power to punish defined the constitutional phrase "usually cognizable by a justice of the peace"; 5, that what justices of the peace could do in 1820 they, and all kindred courts, can now do, but no more; 6, that all offenses not then "usually cognizable" by "such justices are to be denominated felonies or infamous crimes"; 7, that it was unconstitutional legislation to endow municipal courts with criminal jurisdiction exceeding that allowed to justices of the peace.

In discussing these claims the court cited *Butler* v. *Wentworth*, which had just been decided, and declared that in this State any sentence to imprisonment for one year or more conclusively implied that an infamous crime was intended to be charged, and that the offender could be so punished only upon indictment and conviction, and not by conviction upon merely a complaint against him; and that any sentence to punishment by confinement in jail for any time less than one year would not indicate that an infamous crime had been charged or committed. It is now claimed by our profession, and perhaps properly so, that a fair interpretation of this declaration would establish the rule that the severity of the sentence actually given should determine whether the offense charged was a felony or a misdemeanor, rather than the maximum sentence which was author-

ized by statute. If such be the correct interpretation then we must hold that the rule so given is not in harmony with the weight of authority, both in federal and state courts, and must be overruled.

But we must not overlook the fact that in *State* v. *Cram* the offense was assault and battery, and that then, as now the offense might be punished by imprisonment for a period not exceeding five years. R. S., 1883, Chap. 118, Sec. 28; R. S., 1916, Chap. 120, Sec. 26. Standing alone this statute would make assault and battery in every instance an infamous crime. But at the time when *State* v. *Cram* was decided, as well as now, the Legislature recognized the doctrine of degree of crime in certain offenses and therefore gave to municipal and police courts and trial justices jurisdiction in cases of assault and battery when the offense is not of a high and aggravated nature. R. S., 1883, Chap. 132, Sec. 4; R. S., 1916, Chap. 134, Sec. 4.

It should further be observed that in *State* v. *Cram* the learned justice who wrote the opinion said "It is true that the usual test of the magnitude of an offense has been considered to be the nature of the charge preferred, rather than the amount of punishment to be inflicted therefor. The crime and not the punishment renders the offender infamous according to the common law." In this respect he was speaking in the past tense and was in harmony with what we have referred to as earlier decisions. But this rule, as we have seen, has given way to the modern one to which we have already called attention.

In *State* v. *Cram* no explicit reference was made to R. S., 1883, Chap. 132, Sec. 4, which expressly gave jurisdiction to magistrates in cases of assault and battery when the offense was not of a high and aggravated nature, although it was there further said "But the innovation in the practice caused by the legislature in the punishment lately prescribed by it for the offense of assault, and assault and battery, necessarily creates an exception to the rule."

It is interesting, in connection with the discussion of the case at bar, to note that none of the respondent's claims in *State* v. *Cram*, were sustained. The phrase "usually cognizable by justices of the peace" was held to contain no assertion nor implication that justices of the peace may not possess an enlarged jurisdiction at a future time, according to the growing requirements of administrative law, provided always that they be not allowed to assume jurisdiction

to punish infamous crimes or felonies; nor is it unconstitutional legislation to endow municipal courts with criminal jurisdiction exceeding that allowed to trial justices.

5. UNDER CONSTITUTIONAL PROVISIONS THE RESPONDENT CANNOT BE HELD ON THIS CHARGE EXCEPT ON PRESENTMENT OR INDICTMENT BY A GRAND JURY.

This claim goes directly to the question of jurisdiction. In section ninety-three of the act which describes this offense, and prescribes the punishment therefor, the Legislature gives municipal and police courts and trial justices, in their respective counties, concurrent jurisdiction with the Supreme and Superior Courts over all prosecutions for all violations of the provisions of the act. Was it in the power of the Legislature to thus confer jurisdiction? We think not. .We have just seen, by authority of *State* v. *Cram*, in a portion of the opinion which is not overruled, that municipal and police courts, and trial justices must not be allowed to assume jurisdiction to punish infamous crimes and felonies. In a recent opinion of this court, *State* v. *Arris*, 121 Maine, 94, it was distinctly held that where a respondent is charged with committing a felony the offense must be charged by indictment. Multiplication of authorities is unnecessary. Such is the established law.

The Legislature plainly exceeded its constitutional limitations when it attempted to give jurisdiction to municipal and police courts, and trial justices in their respective counties, over an offense where the maximum punishment is by imprisonment for "not more than one year."

> *Exceptions sustained.*
> *Motion in arrest of judgment*
> *to be granted.*