### STATE vs. WALTER HARVEY

### Waldo.    Opinion January 18, 1928.

*While it is necessary to allege the place of the commission of the crime, it is sufficient to allege it to have been committed within the county without naming the town or locality where the Court has county-wide jurisdiction.*

*It is not necessary to prove the offense was committed in the place alleged, unless the locus is a part of the description of the offense, if the proof is of an offense committed within the jurisdiction of the Court.*

In this case it was not necessary under the indictment as drawn for the State to prove the offense was committed at Belfast if shown to have been committed in the county of Waldo.   The words "at Belfast" could have been treated as a surplusage.  It was a matter of form rather than one of substance, the venue and place being otherwise sufficiently alleged.

The objection that, unless the place is not proven as alleged, the respondent could not avail himself of his conviction or acquittal, in case it became necessary to plead a former jeopardy, has no more merit than if another date than the one alleged was proved.

On exceptions.   At the September Term, 1927, of the Supreme Judicial Court in Waldo county, the respondent was indicted on a charge of unlawful possession of a still at Belfast in the county of Waldo.   After a plea of not guilty by the respondent the county attorney filed a motion to amend the indictment by striking out the words "at Belfast" which was granted and respondent excepted. Exceptions overruled.   Judgment for the State.

The case appears in the opinion.

*Clyde R. Chapman, County Attorney,* for the State.

*Arthur Ritchie,* for respondent.

SITTING: WILSON, C. J., PHILBROOK, BARNES, BASSETT, PATTAN-GALL, JJ.

WILSON, C. J.   The respondent was indicted by the Grand Jury of Waldo County under an indictment setting forth in the margin,

as is customary in this state, the name of the county, to wit: "Waldo ss," and alleging in terms: that Walter Harvey of Waldo in the county of Waldo at Belfast in said county of Waldo on the twelfth day of August in the year of our Lord one thousand nine hundred and twenty-seven * * * unlawfully did have in his possession a certain still for the purpose of manufacturing intoxicating liquors," etc.

To the indictment the respondent pleaded not guilty, but before trial, counsel for the state having learned that the crime charged was committed within the town of Waldo instead of the city of Belfast as alleged, moved to amend by striking out the words, "at Belfast" leaving merely the allegation that it was committed in the county of Waldo.

To the allowance of the amendment the respondent excepted, and the case is before this Court on his bill of exceptions.

While it is necessary to allege a definite place of the commission of every offense for the purpose of showing the offense is within the jurisdiction of the court, it is sufficient to allege it was committed within the county where the Court has county-wide jurisdiction, unless the locus of the offense is an essential part of the crime.   Bishop's Crim. Pro. Vol. 1, sec. 370, 371;  14 R. C. L., 181;  31 C. J. 677, sec. 203;  Ency. Pl. & Pr. vol. 10, p. 520, Par. XIV;  *State* v. *Roberts*, 26 Me., 263;  *State v. Mahoney*, 115 Me., 251; *State v. Cotton*, 24 N. H., 143.

Nor is it necessary when a particular town or place is alleged, where it appears that the offense was committed within the jurisdiction of the Court, to prove the place as alleged.   *State* v. *Sobel*, 124 Me., 35; *State* v. *Mahoney, supra;  Com.* v. *Tolliver*, 8 Gray, 386.

It appearing, therefore, that the respondent was charged with having committed the offense within the county of Waldo, the State was not obliged under the indictment as drawn to prove it was committed at Belfast.   *State* v. *Sobel, supra.*   The words, "at Belfast", therefore, may be treated as surplusage and a matter of form and not of substance.   Ency. Pl. & Pr. vol. 10 p. 530, Par XVI;  *State* v. *Mayberry*, 48 Me., 237;  *State* v. *Arnold*, 50 Vt., 731, 735.

The indictment was not within the constitutional provision requiring it to be found by a Grand Jury, the offense charged not being of the grade therein designated as infamous.   Not only was the amendment permissible at any time before judgment, it being a matter of form, sec. 13, chap. 133 R. S., but it being surplusage and the

state not being obliged to prove the particular place of the crime as alleged, the respondent was not aggrieved by the ruling excepted to. *Hammond* v. *State*, 14 Md., 135.

It is unnecessary, therefore, to determine whether under the amendment to Sec. 13, Chap. 133 R. S., Chap. 133 P. L. 1927 allowing amendments in matter of substance under certain circumstances, such amendments must be made before plea is entered.

The contention of the respondent's counsel that, unless the place of the offense is proved as alleged, a judgment on the indictment could not be pleaded in bar of another charge for the same offense is also without merit. Such an objection, assuming, of course, the offense is proved to have occurred within the jurisdiction of the Court and the locus is not descriptive of the offense, would be equally as valid in case of proof of a date other than that alleged in the indictment, which is always permissible, unless time is also an essence of the offense.

> *Exception overruled.*
> *Judgment for the State.*