STATE OF MAINE *vs.* ONESIME VERMETTE, TONY LUMBARTI.

Oxford.    Opinion October 16, 1931.

*E. Walker Abbott*, County Attorney, for the State.
*Albert Beliveau*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

STURGIS, J. The respondents in this case were found guilty in
the court below of conspiracy and exceptions to the overruling of
their motions in arrest of judgment bring the case to this court.

In the first count of the indictment, it is alleged that respondents
did "feloniously conspire and agree together with the fraudulent
and wicked intent for one or more of them to manufacture intoxi-
cating liquor, other than cider, to wit, alcohol, in the State of
Maine, in violation of law to one or more of the others and to other
persons, against the peace of said state and contrary to the form
of the statute in such case made and provided." This is not statu-
tory conspiracy within the purview of Sections 26 and 27 of Chap-
ter 138 of the Revised Statutes. As an indictment under the stat-
ute, the count is fatally defective. *State* v. *Clary*, 64 Me., 369.

It is elementary law, however, that the combination of two or
more persons by concerted action to commit a crime, whether it be
of the grade of a felony or only of a misdemeanor, and whether the
crime be an offense at common law or by statute, is a conspiracy
at common law, which is an indictable offense in this state, recog-
nized and made punishable by the conspiracy statute. The State
contends that conspiracy at common law is well pleaded in the first
count.

The manufacture of intoxicating liquor, other than cider, to
wit, alcohol, is a crime of the grade of a misdemeanor under R. S.,
Chap. 137, Sec. 1. The first count of the indictment sets out a
conspiracy to commit this offense with sufficient certainty to fully
inform the respondents of the charge laid against them. The inclu-
sion of the superfluous and meaningless expression, "in violation
of law to one or more of the others and to other persons," does not
contradict any necessary averment, nor is it descriptive of the
identity of the charge or anything essential to it. It may be re-
jected under the general rule that, whenever an allegation may be
struck out of the indictment without injury to the charge, it may

be treated as surplusage. *State* v. *Mayberry*, 48 Me., 218; *State* v. *Whitten*, 90 Me., 53; *State* v. *Whitehouse*, 95 Me., 179; *Com.* v. *Randall*, 4 Gray (Mass.), 36; *Com.* v. *Wright*, 166 Mass., 174; 1 Bish. Crim. Proc., Sec. 478 et seq. The conclusion, "contrary to the form of the statute in such case made and provided," is also surplusage. 1 Bish. New Crim. Proc., Sec. 601; *State* v. *Dorr*, 82 Me., 341; *Com.* v. *Hoxey*, 16 Mass., 385; *Com.* v. *Reynolds*, 14 Gray (Mass.), 87; *State* v. *Gove*, 34 N. H., 510. Stripped of its unnecessary averments, the first count charges a conspiracy at common law.

In the second count, the prosecuting attorney attempts to charge the respondents with a conspiracy to keep a place to be used for the illegal manufacture of alcohol. He admits, however, and counsel for the respondents agrees, that the count is fatally defective and will not sustain a judgment. Assuming, without determining, the insufficiency of this pleading, its inclusion in the indictment works no prejudice to the parties. A motion in arrest of judgment will not be sustained on an indictment containing several counts, some of which are bad but some valid, if a general verdict of guilty is rendered upon the whole. In such a case, judgment and sentence will be considered as given in accordance with the offense laid and proved in the valid counts. *State* v. *Burke*, 38 Me., 574; *State* v. *Hadlock*, 43 Me., 282; *State* v. *Chartrand*, 86 Me., 547.

The respondents stand convicted of a conspiracy at common law properly pleaded in the first count of the indictment, and judgment for the State must be entered.

> *Exceptions overruled.*
> *Judgment for the State*
> *on the first count of the*
> *indictment.*