## W. L. McDONALD v. THE STATE.

No. 20806. Delivered January 31, 1940.
Rehearing Denied March 20, 1940.

The opinion states the case.

*Oscar B. Jones* and *J. H. Broadhurst,* both of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.
The conviction is for an aggravated assault; the punishment, a fine of $100.

The prosecution proceeded under Art. 1149, P. C., which reads as follows:

"If any driver or operator of a motor vehicle or motorcycle upon the public highways of this State shall wilfully, or with negligence, as is defined in this title in the chapter on negligent homicide, collide with or cause injury less than death to any other person upon such highway, he shall be held guilty of aggravated assault and shall be punished accordingly unless such injuries result in death, in which event he shall be dealt with under the general law of homicide."

The charging part of the complaint and information at the time such pleadings were filed was as follows: That W. L. McDonald "did then and there drive an automobile upon a public highway of this state, to-wit, highway 80 and did then and there commit an aggravated assault in and upon the person of Mrs. B. D. Jackson by then and there wilfully and with *gross* negligence colliding with and causing injury to the person of the said Mrs. B. D. Jackson, who was then and there upon said highway." (Italics ours).

As shown in bill of exception No. 1, prior to announcing ready for trial, counsel for the State requested and was granted the permission of the court to amend the complaint and information by striking out the word "gross" before the word "negligence" in the body of the complaint and information. The amendment was made over appellant's objection, and the question is properly presented to this court for review.

In the Revised Penal Code of 1925, Art. 1149, the word "gross" before the word "negligence" was omitted. Apparently, in taking the complaint herein the counsel for the State failed to note the change in the statute. In Carlton v. State, 48 S. W. (2d) 273, this court called attention to the fact that the complaint in that case alleged gross negligence. Upon reversing the case upon another ground the court held that if the State relied upon negligence it would be incumbent upon the trial court to define gross negligence in the charge inasmuch as gross negligence had been alleged in the complaint. We think it is clear that the trial court permitted counsel for the State to alter a matter of substance in the complaint. Art. 533, C. C. P., reads as follows:

"Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended."

In Patillo v. State, 3 Tex. App. 442, this court used language as follows: "Clearly the court had no right to amend, or permit anyone else to amend, the affidavit. Affiant himself could not have done so without being sworn anew as to the amended statement. Whenever the court permitted the county attorney to amend the affidavit, it ceased to be the act of the affiant; * * *." The holding in the Patillo Case was followed in Phariss v. State, 126 S. W. (2d) 981. Giving application to the rule announced in such cases, we are contrained to hold that the action of the counsel for the State invalidated the complaint.

The judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR A REHEARING.

KRUEGER, Judge.

The State, by and through the County Attorney in and for Gregg County, has filed a motion for a rehearing in which it is contended that we erred in holding upon original submission that the State vitiated the complaint and information by striking out the word "gross" preceding the word "negligence." It seems to be the State's contention that the word "gross" was surplusage. It may be true that the word "gross" stricken out by the State was merely surplusage; yet it was an alteration of the affidavit and information in substance and this the law will not tolerate. The vice lies in the alteration of a complaint and information after it had been sworn to by the affiant and filed. We do not intend to hold that the complaint and information are not sufficient with the word "gross" stricken out, but we do hold that the County Attorney had no legal right to alter the same by striking out a word in the charging part thereof after it had been filed.

In the case of Ex Parte Bain, 121 U. S. p. 1, the trial court permitted the district attorney to strike from the charging part of the indictment the words "comptroller of the currency and" as being surplusage. The Supreme Court of the United States in reviewing the question held that although the words were surplusage the act of striking them out vitiated the indictment. See also Rutherford v. State, 74 Tex. Crim. Rep., 617.

Believing that the case was properly disposed of on original submission, the motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.