**Roland C. COOKSON, Petitioner,**

v.

**STATE of Maine et al., Respondents.**

Supreme Judicial Court of Maine.

Jan. 26, 1968.

Bartolo M. Siciliano, Dexter, for petitioner.

John W. Benoit, Asst. Atty. Gen., Augusta, for respondents.

Before WEBBER, TAPLEY, MARDEN and DUFRESNE, JJ.

TAPLEY, Justice.

On appeal. The appellant instituted habeas corpus proceedings under the post-conviction statute, 14 M.R.S.A. Secs. 5502–5508. The State seasonably moved to dismiss the amended petition asserting that it failed to allege facts warranting relief. By agreement a copy of the indictment and a copy of the transcript of statements and testimony at the arraignment of the petitioner and hearing on the issue of aggravated assault were made a part of petition. The Justice below entered a judgment of dismissal. The petitioner at all times was represented by court-appointed counsel.

Petitioner's complaints may be summed up as follows:

1. The indictment charging assault is invalid in that it does not allege the place in the County where the crime occurred;

2. That the County Attorney failed to discharge his duties and responsibilities to the petitioner by not fully and exhaustively investigating and presenting all of the circumstances relevant to the case;

3. That certain witnesses were not presented by the State at the trial whose testimony would have been advantageous to the petitioner;

4. That there was false and perjured testimony given by the complaining witness before the District Court and the Grand Jury;

5. That he was coerced to plead guilty;

6. And, finally, that he was represented by incompetent counsel.

Petitioner was indicted for the crime of assault under provisions of 17 M.R.S.A. Sec. 201. The offense carries a punishment, upon conviction, of a fine of not more than one hundred dollars or by imprisonment for not more than six months or by both fine and imprisonment. The statute further provides:

"—When the offense is of a high and aggravated nature, the person convicted —shall be punished by a fine of not more than $1000 or by imprisonment for not more than 5 years, when no other punishment is prescribed."

The indictment is claimed to be legally ineffective because it does not allege the place in the County where the offense occurred. The indictment alleges that the assault was committed "in the County of Penobscot, State of Maine." This allegation is sufficient. State v. Harvey, 126 Me. 509, 140 A. 188. See Commentary 7.7 Maine Practice, Vol. 3 Rules of Criminal Procedure (Glassman).

■ Petitioner says that he was coerced into pleading guilty. The record is very clear as to what took place in the courtroom at the time the petitioner was arraigned on the indictment. First, he had the benefit of being represented by competent and capable counsel who was present at the arraignment. The Clerk read the indictment to him and upon inquiry as to whether he was guilty or not guilty he answered, "guilty." Immediately following his declaration of guilty the record shows the following colloquy between the presiding Justice and the petitioner:

"BY THE COURT:

Q. Mr. Cookson, was your plea of guilty made of your own free will as to this indictment?

A. It was, your Honor.

Q. It wasn't made because of any threats that anyone has made against you?

A. No, your Honor.

Q. Was it induced because of any promises that anyone has made to you?

A. No.

Q. You understand, of course, that at this point I don't know what sentence I may give?

A. Yes.

Q. On either one of these charges. I don't know whether I will find this one to be high and aggravated or not. I haven't heard the case yet, you understand that?

A. Yes."

The Justice then conducted a hearing for the purpose of determining upon evidence submitted to him whether the assault was of a high and aggravated nature. The State's witness was presented, examined on direct, and was cross-examined by petitioner's counsel. After the introduction of the testimony the Court continued the matter for the purpose of making a decision as to whether the assault was of a high and aggravated nature. The hearing on aggravation took place on January 26, 1966 after petitioner's plea of guilty and on February 2, 1966, after having determined that it was a high and aggravated assault, the Justice conducted pre-sentence proceedings and then sentenced the petitioner to not less than 1½ years and not more than 3 years in the Maine State Prison. The record reflects that at the trial level the presiding Justice gave the petitioner careful, painstaking and full consideration in determining the question of aggravation.

We find that there was no coercion of the petitioner to plead guilty; that he did so while being represented by competent counsel; that the record, incorporated in the petition, discloses that the judicial admission of guilt was voluntary and was intelligently and knowingly made with a full realization of the consequences. In Hamner v. State (Me.), 223 A.2d 532, at page 534, this Court said:

"Our post conviction habeas corpus is not a substitute for appeal.—It is not available to revise an adjudication of guilt upon a plea of guilty entered freely, knowingly, understandingly and with adequate counsel representation."

The petition, as amended, contains numerous accusations, charges and alleged errors concluding with an incompetency charge against court-appointed counsel at the trial level. The petitioner claims suppression of testimony before the District Court and the Grand Jury; that a witness gave false testimony before the District Court and the Grand Jury and before the Justice presiding at the hearing on aggravation; that if certain witnesses, known by the State, were produced to testify at the District Court hearing and before the Grand Jury he would have been acquitted of the charge against him. He further charges that the State Police Officer who testified at the aggravation hearing was

guilty of complicity in the crime charged against him, the petitioner.

■ Attention is drawn to the fact that the only proceeding involved here is the one concerning aggravated offense. The law is well settled in this State that when a defendant knowingly and understandingly pleads guilty to an offense he thereby waives all errors which are not jurisdictional. All matters that he has presented, excepting claim of indictment insufficiency and incompetency of counsel, are no part of these proceedings.

■ The petitioner has charged his court-appointed counsel with incompetency.

"As a prerequisite to relief, erroneous conduct of counsel must be of such character as to have deprived the accused of his constitutional right to a fair and impartial trial, or otherwise of due process." Bennett v. State of Maine, et al., 161 Me. 489, 500, 214 A.2d 667, 674.

The petition as amended failed to disclose facts which, if proven, would support a finding that counsel failed to give his client proper and competent representation. The charge of incompetency is frivolous, and without merit.

The dismissal of the petition by the Justice below was not error.

Appeal denied.

WILLIAMSON, C. J., and WEATHERBEE, J., did not sit.