**STATE of Maine**

v.

**Lester GRANT.**

Supreme Judicial Court of Maine.

June 10, 1970.

Alexander MacNichol, Asst. County Atty., Portland, for plaintiff.

Grover G. Alexander, Gray, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEBBER, Justice.

On appeal. Defendant was convicted by jury verdict of the offense of reckless homicide.

Omitting the formal portions, the indictment charged:

"That on the ninth day of October, 1966, in the Town of Brunswick, County of Cumberland and State of Maine, the defendant Lester E. Grant, did, *after having consumed a certain quantity of intoxicating liquor*, then and there with reckless disregard for the safety of others, and in particular for the safety of one Harold Austin, operate a certain *uninspected and unregistered* motor vehicle in which the said Harold Austin was riding as a passenger, to wit: a truck, in a general southerly direction over and along Harpswell Road, so-called, a public highway in said Brunswick which high-

way was well known to the defendant as one having a great many sharp curves and turns and upon which highway the State Highway Commission, Secretary of State and Chief of State Police, acting jointly, having fixed the maximum rate of speed to be then and there forty miles per hour, and signs giving notice of such speed having been erected by the State Highway Commission and then and there appearing on said highway, and while so operating on said highway, and while so operating and driving, did operate and drive at speeds of sixty and seventy miles per hour causing said motor vehicle to travel from the right lane of said highway to the left lane and while so situated proceeded southerly at the said speeds aforesaid on a curve and grade in said highway and after speeding down said grade the said Lester E. Grant then and there again caused the said motor vehicle to again swerve to the left of the center of said highway and to go off the left side of the highway and then further travelled back to the right of the center of the highway and while then and there so operating at said speeds aforesaid so operated and steered said motor vehicle so that it rolled over and then struck with great force and violence a tree off the right side of the highway, and as a result of such disregard for the safety of others and in particular as a result of the reckless disregard for the safety of said Harold Austin, he, the said Lester E. Grant did thereby then and there cause the death of said Harold Austin on the ninth day of October, 1966, a time which is within one year after the aforesaid reckless acts of the defendant." (Emphasis ours)

Defendant seasonably moved (a) to dismiss the indictment for failure "to set forth and charge a crime punishable by law" and for failure "to fairly set forth with sufficient clarity the act or acts of recklessness with which the defendant is charged, so as to enable him to fairly prepare a defense thereto;" and (b) alternatively, to strike from the indictment as surplusage the words "after having consumed a certain quantity of intoxicating liquor" and the words "uninspected and unregistered." The presiding Justice ordered stricken the words "uninspected and unregistered" but declined either to dismiss the indictment or to strike the other phrase. Before trial commenced, the prosecuting attorney disclosed his intention to offer proof that defendant was under the influence of intoxicating liquor at the time of his alleged operation of the motor vehicle. The Court indicated its intention to permit the introduction of such evidence if offered. Counsel for defendant spread upon the record his objection grounded upon the failure to charge "influence" and upon claimed surprise and prejudice. During the trial when the occasion arose, counsel for defendant renewed his objection to the introduction of evidence relating to defendant's condition with respect to sobriety. Thus the issue was carefully preserved for review upon appeal.

The indefiniteness of the words "certain quantity" readily lends itself to an argument in the nature of *reductio ad absurdum*. Proof that defendant had consumed a teaspoonful of brandy or an ounce of table wine would have met the requirements of the allegation while contributing nothing to the proof of the ultimate fact of reckless homicide. A charge of consumption of an undefined quantity of intoxicating liquor falls far short of charging intoxication or impairment or influence therefrom which might be an important contributing factor in a reckless homicide case. Without inclusion of the challenged phrase, the indictment charges as underlying facts recklessly excessive speed and a reckless failure to maintain control of the vehicle, all resulting in a fatal accident. In short, the indictment effectively charges reckless homicide and in no way depends for validity upon the allegation pertaining to the consumption of intoxicating liquor. We cannot indulge in speculation, surmise or conjecture as to what may have prompt-

ed the Grand Jury to employ this phrase. We are concerned only with the allegation as it is worded and its effect upon the defendant's ability to prepare an adequate defense.

In State v. Warner (1967 Me.) 237 A.2d 150 we restated the familiar rule that the indictment must adequately inform the defendant as to the factual nature of the charge in order that he may be able to defend and in addition to make use of the conviction to sustain a plea of double jeopardy, should the occasion arise. In *Warner* the indictment properly alleged that the defendant "was then and there under the influence of intoxicating liquor" as a fact contributing to reckless homicide.

In State v. Charette (1963) 159 Me. 124, 127, 188 A.2d 898 we noted that, although the indictment need not constitute a "recital of evidence," it must contain a "full and complete" accusation as to the "substance, nature or manner of the offense."

And in State v. Houde (1955) 150 Me. 469, 471, 114 A.2d 366, where the charge was reckless driving (no homicide involved) we held that the indictment must allege the underlying facts "from which the State will seek to prove the ultimate fact of reckless driving." We recognized in *Houde* as one essential for the protection of the defendant, quoting from State v. Strout (1933) 132 Me. 134, 136, 167 A. 859, that "a defense may not be rested upon the hypothesis of one thing, with the hazard of surprise by evidence, on the part of the government, of an entirely different thing." Applying this rule to the instant case, the indictment gave the defendant no notice or warning that the government charged or would seek to prove that he was impaired or intoxicated as a result of his consumption of intoxicating liquor.

In State v. Child (1962) 158 Me. 242, 252, 182 A.2d 675 we treated as "merely surplusage" language which "neither added to nor detracted from the sufficiency of the indictment." The same test was applied in State v. Vermette (1931) 130 Me. 387, 156 A. 807.

In State v. Mottram (1959) 155 Me. 394, 401, 156 A.2d 383 we adopted the language of the text in 27 Am.Jur. 679, Sec. 118 which in effect defined matters of substance as those which relate to the "nature and grade of the offense charged." The revised text now found in 41 Am.Jur.2d 994, Sec. 181, while recognizing that no rule has been generally accepted and applied, notes that there is support for the proposition that "the statement of every fact which must be proved to make the act complained of a crime is a matter of substance, and that all else * * * is formal." This was the theory underlying the decision in State v. Harvey (1928) 126 Me. 509, 140 A. 188 where the words "at Belfast" were struck leaving as the remaining charge that the offense occurred in the County of Waldo. The Court said, "It appearing, therefore, that the respondent was charged with having committed the offense within the county of Waldo, the State was not obliged under the indictment as drawn to prove it was committed at Belfast. * * * The words, 'at Belfast,' therefore may be treated as surplusage and a matter of form and not of substance." So also in State v. Mayberry (1859) 48 Me. 218, 237 the Court was considering the effect upon a conspiracy indictment of a particular averment. It was then stated, "The alleged sale to Lawrence is therefore wholly immaterial. It does not contradict any averment in the indictment; it is not descriptive of the identity of the charge, *or of anything essential to it*; nor does it in any degree tend to show that no offense was committed. It may be rejected, *as it is a general rule that whenever an allegation may be wholly struck out of an indictment, without injury to the charge, it may be rejected as surplusage.*" (Emphasis ours).

M.R.Crim.P., Rule 7(d) provides: "The court on motion of the defendant may strike surplusage from the indictment or

information." Glassman, Maine Practice, Page 83, Commentary § 7.13 states:

> "On motion of the defendant, under Rule 7(d), the court may strike surplusage from the indictment or information. While it has long been recognized that surplusage may be disregarded, unless it creates an ambiguity, this rule provides a protection for the defendant in that irrelevant, immaterial, or prejudicial allegations contained in the indictment or information may be stricken upon motion of the defendant. It also carries out the general purpose of the rules to assure that a criminal pleading be a short, simple, concise, and plain statement of the offense charged. It provides a means whereby a defendant can avoid the potential prejudicial effect of excessive but unnecessary allegations. While the rules provide no other means whereby an indictment may be amended, and thereby recognize the general principle that an indictment ordinarily may not be amended, by moving to have surplusage stricken from an indictment the defendant waives his right to prevent amendment of the indictment."

■ Although the Rule is stated in discretionary terms, it has been recognized that where the surplusage, if not stricken, would be harmful and prejudicial to the defendant, it would constitute an abuse of discretion and reversible error to deny defendant's motion to strike. In Torphy v. State (1918) 187 Ind. 73, 118 N.E. 355 the indictment contained an allegation of a prior conviction of a similar offense in no way material to the offense charged. A motion to strike was denied. Holding the denial to be error, the Court said, "The fact of a prior conviction was not, under the issues in this proceeding, a circumstance which could properly be brought to the attention of the jury in any manner as a part of the state's case * * * and all reference thereto should have been omitted from the indictment." The Court held that it could serve no other purpose than to prejudice the jury against the defendant.

See also State v. Parris (1911) 89 S.C. 140, 71 S.E. 808.

Under the circumstances cases interpreting and applying F.R.Crim.P., Rule 7(d) become meaningful. In United States v. Garrison (1958) D.C.Wis., 168 F.Supp. 622, 624, the Court said, "Motions to strike as surplusage will be granted only where it is clear that the allegations complained of are not relevant to the charges contained in the indictment and are inflammatory and prejudicial." And in United States v. Saporta (1967) D.C.N.Y., 270 F.Supp. 183, 186, it is stated, "Consequently, the inclusion of the Triangle stock transaction is not only surplusage but is also highly prejudicial, and the allegations pertaining to this transaction must be stricken pursuant to Rule 7(d), Fed.Rules Crim.Proc., 18 U.S.C.A." So also in United States v. N.Y. Great A. & P. Tea Co., (1943) 5 Cir., 137 F.2d 459, 462 we read, "We agree with the district judge and with the appellees that there are many allegations in the indictment which are irrelevant and unnecessary to the charging of the offense and which, if not designed to be, are in fact inflammatory and prejudicial, and that the defendants are entitled to relief against them." In a dictum found in State v. Casson (1960) 223 Or. 421, 354 P.2d 815, 820, the Court noted, "But the state may not allege noncriminal acts in order to open the door to damaging evidence."

■ We are satisfied that the words, "after having consumed a certain quantity of intoxicating liquor," added nothing to an otherwise sufficient charge of reckless homicide. By the definitions set forth above they constituted surplusage. They were, however, by their very nature in a case involving the operation of a motor vehicle inflammatory and prejudicial. We conclude that the defendant's motion to strike should have been granted. It logically follows that evidence tending to prove the impairment or intoxication of the defendant was improperly received, no such charge having been lodged against him. The defendant could and did justly claim

technical surprise and a lack of adequate opportunity to prepare a defense.

The entry will be

Appeal sustained. Remanded for amendment of the indictment upon the motion to strike, and for a new trial upon the indictment thus amended. So ordered.

POMEROY, J., did not sit.

DUFRESNE and WEATHERBEE, JJ., concurring in part—separate opinion.

DUFRESNE, Justice (concurring in part).

The defendant, Lester Grant, was indicted and convicted under 29 M.R.S.A. § 1315, of the crime of reckless homicide following the death of another in an automobile accident. The State claimed that the defendant was the operator of a truck in which the person killed was a passenger, while the defendant asserted on the stand that at the time of the accident the deceased was the driver. The case is before us on appeal, which must be sustained.

The indictment upon which the petit jury returned a verdict of guilty of the offense of reckless homicide against the defendant has been incorporated in the majority opinion and need not be restated. Before trial the defendant filed with the Court a motion entitled "motion for dismissal" which sought relief as follows: 1) dismissal of the indictment under Rule 12(b)(2), M.R.Crim.P., on the grounds that the indictment failed to set forth and charge a crime punishable by law, and to fairly set forth with sufficient clarity the act or acts of recklessness with which the defendant was charged so as to enable him to fairly prepare a defense thereto; and 2) in the alternative, amendment of the indictment under Rule 7(d), M.R.Crim.P., by striking therefrom on the ground of surplusage the clause therein "after having consumed a certain quantity of intoxicating

liquor", and the language describing the motor vehicle as being "uninspected and unregistered." The Court denied relief, except for causing to be stricken from the indictment the reference terms "uninspected" and "unregistered", which labels the Grand Jury had affixed to the motor vehicle involved.

At trial, defendant's counsel protected his client's rights by objecting seasonably to evidence of witnesses which tended to prove the defendant was under the influence of intoxicating liquors during the operation of the truck on October 9, 1966. Lieutenant Lawrence Joy, of the Brunswick Police Department, over defendant's objection, was allowed to give his opinion to the jury that the defendant at the scene of the accident was under the influence of intoxicating liquor, the Court ruling that there was a sufficient allegation in the indictment to make the evidence germane. One Michael Boise, a junior high school student, again over objection, was permitted to testify that the defendant staggered out of his house, bumped against a tree prior to the fatal ride, could not keep his balance and walked funny. In motions for judgment of acquittal at the close of the State's case and at the close of all the evidence, the defendant renewed his claim of error in the admission of the State's evidence that he was under the influence of intoxicating liquor at the time of the accident, and advanced the same reason as previously stated, that the indictment did not specifically so charge him in particularizing the circumstances under which he operated on this fatal occasion. The defendant further objected to the Court's instructions to the jury defining the terms "under the influence of intoxicating liquor" and especially to the introductory portion thereof as follows:

"In this case the State says that this defendant whom it says was operating the car was operating in reckless disregard of the safety of the Austin boy in the particulars which the State describes in the indictment. It says that the defendant drove the

car after having consumed a quantity of intoxicating liquor. It says that the defendant at the time of the happening of the event was under the influence of intoxicating liquor." These same grievances were raised in his motion for new trial under Rule 33, M.R.Crim.P., which motion the Court denied. The issue has been preserved in the designation of points on appeal.

The pertinent provisions of the statute and constitution read:

29 M.R.S.A. § 1315: "Any person who operates a vehicle with reckless disregard for the safety of others and thereby causes the death of another person, when the death of such person results within one year, shall be guilty of the offense of reckless homicide. * * * "

Maine Constitution—Article I, Section 6: "In all criminal prosecutions, the accused shall have a right * * * ;

"To demand the nature and cause of the accusation, and have a copy thereof; * * * "

The purpose of this constitutional guaranty is to secure to any defendant in a criminal prosecution such a reasonably particular statement of all the essential elements which constitute the intended offense as shall apprise him of the criminal act charged. State v. McClay, 1951, 146 Me. 104, 78 A.2d 347. This constitutional mandate is satisfied only if the indictment contains a plain, concise and definite recital of the essential facts constituting the intended offense as shall adequately inform an accused of reasonable and normal intelligence of the criminal act charged and the nature thereof, sufficiently enabling him to defend and, upon conviction or acquittal, to make use of the judgment as a basis of a plea of former jeopardy, should the occasion arise. Logan v. State, 1970, Me., 263 A.2d 266; State v. Bull, 1969, Me., 249 A. 2d 881; State v. Charette, 1963, 159 Me. 124, 188 A.2d 898.

Reckless homicide under 29 M.R.S.A. § 1315 is the crime of reckless driving with the superadded feature that the reckless driving caused the death of another within one year of the event. As in reckless driving, the essence of the offense of reckless homicide lies not in the act of operating a motor vehicle, but rather in the manner and circumstances of its operation. The particular manner of operation and the circumstances surrounding it determine whether the operation takes on a criminal aspect within the meaning of the law. State v. Houde, 1955, 150 Me. 469, 114 A.2d 366. The particulars of the motor vehicle operation constitute the essential factual ingredients of the crime of reckless homicide and must be stated in the indictment with that reasonable degree of fullness, certainty and precision which will reasonably inform the defendant and enable him to meet the exact charge against him. State v. Houde, supra; Carlson v. State, 1962, 158 Me. 15, 176 A.2d 844; State v. Munsey, 1916, 114 Me. 408, 96 A. 729; State v. Doran, 1904, 99 Me. 329, 331, 59 A. 440.

The instant indictment charged the defendant with a felony. As pointed out in State v. Child, 1962, 158 Me. 242, 182 A.2d 675, 17 A.L.R.3d 1275, "[u]nder common law, indictments could not be amended. Where it appeared that an indictment was insufficient, it was the practice to reconvene the Grand Jury that found the indictment for the purpose of amending it. It could be done in no other way." See, State v. Blendt, 1956, Del., 10 Terry 528, 120 A.2d 321 at page 324. Legislation abrogating the common law rule, 15 M.R.S.A. § 754, and permitting amendments of indictments charging felonies in matters of form, was repealed by Public Laws, 1965, chapter 356, section 26. Rule 7(d) of the Maine Rules of Criminal Procedure became effective at the same time as the repeal statute on December 1, 1965 and controls the present situation. It provides that the court on motion of the defendant may strike surplusage from the indictment. Professor Glassman in his Commentary,

Maine Practice, § 7.13, at page 84, indicates that the only amendments which are not permitted under the rule are those which amend matters of substance and change the nature of the offense charged. Irrelevant and immaterial allegations contained in an indictment may be stricken therefrom on the defendant's motion on the ground of surplusage and thus an indictment may be amended as to matters of form and not of substance to protect the defendant against prejudicial averments.

The term "surplusage" in Rule 7(d) must be construed in light of Article I, Section 7 of the Constitution of Maine which mandates that "[n]o person shall be held to answer for a capital or infamous crime, unless on a presentment or indictment of a grand jury, except * * *." All felonies which by statutory definition include every offense punishable by imprisonment in the State Prison are infamous crimes. 15 M.R.S.A. § 451; State v. Vashon, 1924, 123 Me. 412, 123 A. 511. The Fifth Amendment to the Constitution of the United States provides a similar privilege respecting federal prosecutions. This right of grand jury intervention by way of indictment or presentment to anyone accused of the commission of a felony, which existed under the English common law, was imbedded in our State Constitution and guarantees to every individual protection against oppressive and arbitrary action in the enforcement of the criminal law. When an indictment charging a felonious offense is amended in a matter of substance either by adding thereto or striking therefrom, the resultant amended indictment cannot be said to be the indictment which was found by the grand jury. If it lies within the province of a court or the prosecutor or both, even with the consent of the accused, to change by amendment averments of substance contained in an indictment, for any reason whatsoever, the constitutional privilege may be frittered away and its value reduced to naught. See, Ex parte Bain, 1887, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849;

Stirone v. United States, 1960, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252; Annotation, 17 A.L.R.3d, Indictment—Amendment, section 7, pp. 1201–1203.

The issue presented by defendant's motion to strike under Rule 7(d) is, whether the matter sought to be stricken constitutes mere surplusage, that is, mere form and nothing of substance. It is difficult in particular instances to determine whether certain averments are immaterial and unnecessary rather than of substance. The Justice below permitted the deletion of the references to the non-inspection and non-registration of the motor vehicle, and correctly so under the doctrine of Cobb v. Cumberland County Power and Light Company, 1918, 117 Me. 455, 104 A. 844, which holds that the violation of the registration statute of this State, and the same would be true of the violation of the inspection statute, has no causal connection with the happening of accidents. Whether the truck was unregistered and without a valid inspection sticker is immaterial to a charge of reckless driving resulting in death.

On the other hand, the Court below refused to remove the reference to intoxicating liquors. In this, there was no error as it was beyond the powers of the Court to amend the indictment in a matter of substance, even upon the defendant's motion. The present indictment specifically charges the defendant with the operation of the vehicle at excessive speeds over and above the posted legal speed, its operation at such speeds on curve and grade in the highway, the swerving of the vehicle from the right to the left side of the way and finally the resulting loss of control which caused the vehicle to roll over and strike a tree off the right side of the highway. But the Grand Jury in particularizing these circumstantial factors of reckless driving underlying its accusation of reckless homicide circumscribed each stated specification of reckless conduct with the accusation "after having consumed a certain quantity of intoxicating liquor," impregnating as it were

the totality of the existing circumstances with the catalytic agent of intoxicating liquor as an integral cause of the wrongful operation of the vehicle culminating in death.

While immaterial averments may be rejected, there cannot be a rejection as surplusage of an averment which is descriptive of the identity of that which is legally essential to the charge and this includes those allegations which operate by way of description or limitation on that which is material. Joyce on Indictments, Section 263; Starkie on Evidence, Vol. 3, p. 1539. A descriptive averment in an indictment, even when made unnecessarily, is matter of substance and may not be amended. Such is an averment which describes, defines, qualifies, or limits a matter which is material. An amendment to an indictment which in effect changes the nature of the offense charged constitutes matter of substance. State v. McGraw, 1955, 140 W.Va. 547, 85 S.E.2d 849. See also, McDonald v. State, 1940, 138 Tex.Cr.R. 610, 137 S.W.2d 1046.

In Beale's Criminal Pleadings & Practice, § 112, the author says:

"Whether an unnecessary allegation may be rejected as surplusage or must be proved as laid is not always easy to determine. If the allegation is an independent clause, it may always be rejected; if it is an adjectival phrase, or, at any rate, if it is a single adjective, and describes or qualifies a necessary part of the indictment, it cannot be separated from the word it modifies."

In Mitchell v. Commonwealth, 1925, 141 Va. 541, 127 S.E. 368, the Court stated the rule to be as follows:

"If the unnecessary word or words inserted in the indictment describe, limit, or qualify the words which it was necessary to insert therein, then they are descriptive of the offense charged in the indictment and cannot be rejected as surplusage."

Descriptive averments of the thing stolen in an indictment for larceny, even though unnecessary, are matters of substance and cannot be treated as surplusage. State v. Noble, 15 Me. 476; State v. Jackson, 1849, 30 Me. 29; Commonwealth v. Gavin, 1876, 121 Mass. 54. State v. Mayberry, 1859, 48 Me. 218, confirms the rule by citing, at page 237, that a particular averment which was not descriptive of the identity of the charge, or of any thing essential to it, could be rejected as surplusage. In the instant case, the intoxicating liquor averment served to qualify, modify and describe all the acts of reckless operation of the vehicle constituting the essential elements of the proffered charge of reckless homicide.

If the indictment had spelled out in legally sufficient language such as "while being under the influence of intoxicating liquor" the integrated setting of the alleged illegal operation instead of merely alleging "after having consumed a certain quantity of intoxicating liquor," nobody would question the liquor averment as being substance and not surplusage. A substantive charge, even though insufficiently laid in an indictment as a matter of proper legal criminal pleading, can never be rejected as surplusage. This is part of our common law. Commonwealth v. Atwood, 1814, 11 Mass. 93.

The Grand Jury, as the indictment plainly shows on its face, bottomed the whole reckless operation of the vehicle upon the fact that the accused had consumed a certain quantity of intoxicating liquor. This gives rise to the reasonable inference that the defendant's consumption of intoxicating liquor prior to the fatal ride was a substantial factor in the reckless operation and was a significant consideration underlying the Grand Jury's finding of the indictment for reckless homicide. The overriding position given by the Grand Jury to the defendant's consumption of intoxicating liquor on the face of the indictment effectively negates any idea that the matter is mere surplusage. There was no

error in denying the defendant's motion to strike.

Should the defendant's motion to dismiss the indictment for failure fairly to set forth with sufficient clarity the act or acts of recklessness with which he was charged, to wit, whether they were in fact, as distinguished from inference, due to alcoholic influence or impairment, have been granted? I believe so. A charge of reckless homicide which merely alleged that a defendant caused the death of another by operating a motor vehicle after having consumed a certain quantity of intoxicating liquor without more would be fatally defective for failure to inform the defendant of an essential fact from which the State intended to prove the ultimate fact of reckless driving and reckless homicide, to wit, operation while under the influence of intoxicating liquor or while the mental and physical faculties of the operator were impaired. It is no statutory offense in this State to operate a motor vehicle after having consumed a certain quantity of intoxicating liquor, unless the operator's mental or physical faculties were impaired during operation because of his use of intoxicants. Operating after having consumed a certain quantity of intoxicating liquor, even though suggestive of it, is not equivalent to, nor synonymous with, operating while under the influence of or impairment by intoxicating liquor, and the Justice below was in error in his charge to the jury which equated the same. In so doing, the Court below amended the indictment in a matter of substance, in fact if not in law. This contravened our constitutional provision that no person shall be held to answer for an infamous crime unless on a presentment or indictment of a grand jury. The Grand Jury was satisfied to charge Grant with reckless homicide upon his operation of the vehicle after having consumed a certain quantity of intoxicating liquor. But nobody can know that the Grand Jury would have been willing to charge Grant with reckless homicide in the absence of the liquor factor. The Constitution places

that decision in the Grand Jury and not in the Courts.

Since the defendant's conviction is set aside, it is unnecessary to consider other points raised on appeal.

I would make the entry

Appeal sustained. Conviction set aside. Remanded for dismissal of indictment and resubmission of the case to any Grand Jury of the County of Cumberland. So ordered.

WEATHERBEE, J., authorizes me to say that he joins in this opinion.